In the Matter of the Probate of the Will of JOHN A. DISNEY, Deceased.

MARY J. McKENNA, Appellant; FANNIE K. COHN, Respondent.

WILL — CONSTRUCTION OF CLAUSE GIVING RESIDUARY ESTATE TO TWO LEGATEES, IF LIVING AT TESTATOR'S DEATH; IF EITHER DYING WITHOUT ISSUE, TO SURVIVOR THEREOF.   Where a testator, after making certain specific gifts, made the following provision: " All the rest, residue and remainder of my estate, of every kind and nature whatsoever, I do give, devise and bequeath to my mother * * * and my sister * * * in equal shares or portions, to have and to hold the same absolutely and forever; and in the event of either dying without issue surviving, I give, . devise and bequeath the share or portion of the one so dying to the survivor," the intention of. the testator was to give the residuary estate to the mother and sister absolutely and forever upon his death, if both were then living ; and in the event of either dying during his lifetime, without leaving issue, to give the same to the survivor; but where the mother died during his lifetime leaving issue, the contingency provided for in the will, under which the sister would be entitled to take the whole, did not occur, and she was, therefore, entitled to but half the estate; as to the other half, the testator died intestate.

*Matter of Disney*, 118 App. Div. 378, reversed.

(Argued September 30, 1907; decided December 3, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March

22, 1907, which affirmed a decree of the New York County Surrogate's Court admitting to probate and construing the will of John A. Disney, deceased.

The facts, so far as material, are stated in the opinion.

*Edward L. Stevens* for appellant. The legacy bequeathed to Mary E. Disney by paragraph " Second " of the will lapsed by reason of her dying in the lifetime of the testator and became part of the residuary estate. (*Mowatt* v. *Carow,* 7 Paige, 328; *Bishop* v. *Bishop,* 4 Hill, 138; *Van Beuren* v. *Dash,* 30 N. Y. 393; *Gill* v. *Brouwer,* 37 N. Y. 549; *Floyd* v. *Barker,* 1 Paige, 480; *Hard* v. *Ashley,* 117 N. Y. 606; *Matter of Hodgman,* 69 Hun, 484.) The death of Mary E. Disney before the testator caused the lapse of one-half of the residuary legacy, and created an intestacy as to one-half of the residuary estate, unless the express words of the will are amended by the court. (*Matter of Seebeck,* 140 N. Y. 241; *Matter of Kimberly,* 150 N. Y. 90; *Drake* v. *Drake,* 134 N. Y. 220; *Soper* v. *Brown,* 136 N. Y. 244; *Chwatal* v. *Schreiner,* 148 N. Y. 683; *Phelps* v. *Cameron,* 109 App. Div. 798; *N. Y. L. Ins. Co.* v. *Viele,* 161 N. Y. 11.) There is no tenable implication which will permit a construction effectually disposing of the share of the residuary estate bequeathed to Mary E. Disney. (*Wylie* v. *Lockwood,* 86 N. Y. 291; *Wake* v. *Varch,* L. R. [2 Ch. Div.] 348; *Chrystie* v. *Phyfe,* 19 N. Y. 344; *Terry* v. *Wiggins,* 47 N. Y. 512; *Harvey* v. *Olmstead,* 1 N. Y. 483; *Tilden* v. *Green,* 130 N. Y. 29; *Pond* v. *Bergh,* 10 Paige, 140; *Matter of Woodward,* 117 N. Y. 522; *Corse* v. *Chapman,* 153 N. Y. 466.) The will of the testator does not imply that in the event of the death of Mary E. Disney, leaving issue, such issue shall take her share. (*King* v. *Barker,* 3 Bradf. 126; *Ex parte Rogers,* 2 Madd. 449; *Lee* v. *Busk,* 2 De G., MacN. & G. 810; *Neighbour* v. *Thurlow,* 28 Beav. 33; *Dowling* v. *Dowling,* L. R. [1 Ch. App.] 612; *Holton* v. *White,* 23 N. J. L. 330; *Crowder* v. *Clowes,* 2 Ves. 449; *Wainwright* v. *Wainwright,* 3 Ves. 558; *Cooper* v. *Pitcher,* 4 Hare, 485.)

*John F. Nelson* for respondent. The making of a will raises a strong presumption against any expectation on the part of the testator of leaving or a desire to leave any portion of his estate beyond the operation of his will. This becomes conclusive when the will contains a residuary clause. (*Floyd* v. *Carow*, 88 N. Y. 561; *Lamb* v. *Lamb*, 131 N. Y. 227; *Schult* v. *Moll*, 132 N. Y. 122.) The law favors a construction of a will which will prevent partial intestacy. (*Schult* v. *Moll*, 132 N. Y. 122; *Vernon* v. *Vernon*, 53 N. Y. 351; 2 Redf. on Wills, 442; *Kalish* v. *Kalish*, 166 N. Y. 368.) The will must be so construed as to make effectual the general intent of the testator, and if such intent can be collected from the whole will, particular terms used which are inconsistent with that intention must be rejected, as introduced by mistake or ignorance on the part of the testator as to the force of the words used, in order that the paramount intent of the testator must prevail. (*Phillips* v. *Davies*, 92 N. Y. 199; *Wager* v. *Wager*, 96 N. Y. 164; *Roe* v. *Vingut*, 17 N. Y. 204; *Schult* v. *Moll*, 132 N. Y. 122; *Williams* v. *Jones*, 166 N. Y. 522; *Keteltas* v. *Keteltas*, 72 N. Y. 312.) If the court finds that the testator did not die intestate as to any part of his estate, it may correct inapt use of language, and may add, reject and transpose the words of the will that the correct meaning may be arrived at and the apparent intent of the testator be not rendered abortive. (*Phillips* v. *Davies*, 92 N. Y. 199; *Tilden* v. *Green*, 130 N. Y. 29.)

HAIGHT, J. John A. Disney died unmarried and without issue, leaving him surviving brothers and sisters and descendants of a deceased brother and sister as his heirs at law and next of kin. He left a last will and testament, which was presented for probate, with a request by interested parties that its provisions be construed. The only question brought up for review has reference to the construction placed upon the seventh clause of the will. It is as follows: "All the rest, residue and remainder of my estate, of every kind and nature whatsoever, I do give, devise and bequeath to my

mother, Mary E. Disney, and my sister, Fannie K. Cohn, in equal shares or portions, to have and to hold the same absolutely and forever; and in the event of either dying without issue surviving, I give, devise and bequeath the share or portion of the one so dying to the survivor."

Mary E. Disney was the testator's stepmother, and she died before the testator, leaving her surviving a daughter and a granddaughter, a child of a deceased daughter. The surrogate held that Fannie K. Cohn, the survivor, took the entire residuary estate, and the Appellate Division by a divided court has affirmed his decree.

It will be observed that the provision of the will in question first gives and devises to the mother and to the sister Fannie the whole of the residuary estate in equal shares, and that they are to hold the same absolutely and forever. Had, therefore, the stepmother survived the death of the testator she would have taken one-half of the estate absolutely and forever. The provision which follows, to the effect that "in the event of either dying without issue surviving, I give, devise and bequeath the share or portion of the one so dying to the survivor," was evidently inserted by reason of his having in mind that his mother or sister might not survive him, and that he intended that the death referred to therein should be a death occurring during his lifetime. If this be so, then we have the provision giving to the mother and sister the residuary estate absolutely and forever upon his death. But in the event of one dying during his lifetime without issue her surviving, he gave the same to her survivor. To my mind the language used is clear and unambiguous, and leaves but one conclusion, and that is, that inasmuch as the mother did not die without issue her surviving, the contingency provided for in the will did not occur, under which the survivor Fannie was entitled to take the whole. When the language used is as clear and unambiguous as it is in this case, it does not appear to me that we should evade its meaning by an endeavor to spell out a different intent on the part of the testator by resorting to the rule, to the effect that the testator

did not intend to die intestate, especially when that rule has. many exceptions and is only occasionally followed. The subject has received careful consideration in the opinion of INGRAHAM, J., in the Appellate Division, and we, therefore, deem further discussion unnecessary.

The order of the Appellate Division should be reversed and the decree appealed from should be modified in accordance with the views herein expressed, with costs in both courts to all parties who appeared on this appeal, payable out of the estate.

CULLEN, Ch. J., O'BRIEN, VANN, HISCOCK and CHASE, JJ., concur; EDWARD T. BARTLETT, J., not voting.

Ordered accordingly.