(82 Misc. Rep. 507.)

RAYMOND et al. v. GEORGE JUNIOR REPUBLIC ASS'N, Inc., et al.

(Supreme Court, Equity Term, Niagara County. November 18, 1913.)

1. DESCENT AND DISTRIBUTION (§ 47*)—PRETERMITTED CHILDREN.

Under the direct provisions of Decedent Estate Law (Consol. Laws 1909, c. 13) § 26, a child born after the making of a will, if unprovided for, may claim a child's portion of the estate.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 126–130; Dec. Dig. § 47.*]

2. WILLS (§ 452*)—CONSTRUCTION—PRESUMPTIONS.

The fifth clause of testator's will devised to his wife, if surviving him, the use for life of the residue of his property. In the sixth clause, testator declared that if he left no wife surviving, but a child or children, then he devised and bequeathed the balance of his property to such child, except $2,000, which he bequeathed to charity. The seventh clause declared that, if he left neither wife nor children, then he gave to his sister the sum of $2,000 per year; while the eighth clause recited that on the death of the sister, should she survive him, or after the usual time after his decease, the estate should be disposed of by several bequests to named persons, and the remainder of his property should go to charities. Held that, while there is a presumption against intestacy, such presumption is not so strong as the one against disherison of persons who are entitled to testator's bounty, and hence the charities took nothing under the eighth clause, for they would be entitled to take only as residuary legatees, and it not being possible to presume that testator intended to dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inherit his children or his near relatives who were natural objects of his bounty in the event that his wife survived him.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 968–970; Dec. Dig. § 452.*]

Action by Carrie R. Raymond and Charles E. Wemple, as executors of Charles T. Raymond, deceased, against the George Junior Republic Association, Incorporated, and others. Judgment for plaintiffs.

William A. Gold, of Lockport, for plaintiffs.

Frank N. Decker, of Syracuse, for defendant George Junior Republic Ass'n, Inc.

Frank H. Deal, of Troy, for guardian ad litem for infant defendant Lois W. Raymond.

Wm. W. Morrill, of Troy, for defendants Raymond T. Birge and Marguerite S. Birge and for guardian ad litem for Carolyn T. Birge, infant defendant.

Lewis W. Raymond, of Troy, in pro ·per.

Fred D. Moyer, of Lockport, for defendants Allen A. Raymond and another.

POUND, J. Charles T. Raymond died in the city of Lockport on the 11th day of November, 1912, leaving a last will and testament, executed on or about the 6th day of May, 1908, which was admitted to probate by the Surrogate's Court of Niagara County on the 22d day of November, 1912. Letters testamentary were issued thereon to the plaintiffs, who bring this action for the purpose of obtaining a judicial construction of certain provisions thereof.

The will was drawn by testator, and reads as follows:

"In the Name of God, Amen:

"I, Chas. T. Raymond, of the city of Lockport, New York, being of sound mind and memory, do now make this my last will and testament in manner and form following, that is to say:

"First, I direct the payment of my just debts and funeral expenses.

"Second. In case I leave a wife me surviving, then I give and bequeath the proceeds of all the life insurance carried by me to such wife.

"Third. I give, devise and bequeath to the board of trustees of the First Presbyterian Church of Lockport, the house and four lots on Bristol avenue in the city of Lockport, which property was conveyed to me by deeds of Catherine D. Becker, dated Aug. 20th, 1885, and Benjamin F. Freeman & wife, dated July 10th, 1886, and Betsy M. Crampton dated Aug. 20th, 1885. I direct that said property be sold as soon as a sale can be made at not less than $2,500 and the proceeds invested on mortgage, the interest on such mortgage or mortgages to be used for the support of the Sunday School of said First Presbyterian Church.

"Fourth. I give, devise and bequeath to E. Albert Rogers all my jewelry, necktie pins and watch and chain.

"Fifth. In case I leave a wife me surviving, then I give, devise and bequeath to her the use of all the remainder of my property for life.

"Sixth. In case I leave no wife me surviving, but a child or children, then I give, devise and bequeath to such child or children all the balance of my property both real and personal, except two thousand dollars, which sum I give, devise and bequeath to the Young Men's Christian Association of Lockport, N. Y., and I direct that such sum be paid to the treasurer of the board of trustees of said association and be by him invested in good mortgages, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the interest thereof to be used for the current running expenses of said association.

"Seventh. In case I leave neither wife or children me surviving, I give to my sister Carrie R. Birge the sum of two thousand dollars per year to be paid to her annually so long as she shall live, by my executor from the revenues of my estate.

"Eighth. Upon the death of my sister (should she survive me) or after the usual time after my decease (should I survive her) I direct that my estate be disposed of as follows: I give and bequeath two thousand dollars to each of the following persons (if they survive me) viz., Aloysious J. Eilers, Amie H. Raymond, Sara S. Raymond, Allen A. Raymond, Lois W. Raymond, Raymond T. Birge, Marguerite S. Birge and Carolyn T. Birge. The remainder of my property both real and personal I give, devise and bequeath to the Young Men's Christian Association of Lockport, N. Y., and the George Junior Republic Association of Freeville, N. Y., share and share alike, and I direct and instruct the boards of trustees of the said associations to invest all funds received from my estate in bonds or mortgages, and to use the interest only on such investments for the current expenses of said associations.

"Lastly, I make, constitute and appoint my wife Carrie R. Raymond of Lockport, New York, and Chas E. Wemple of Empire, Ohio, to be executrix and executor of this my last will and testament and I direct that they shall not be required to give bonds.

"In witness whereof I have hereunto set my hand and seal this 6th day of May, 1908.                              Chas. T. Raymond. [Seal.]

"The above written instrument was subscribed by the said Chas. T. Raymond on the day and date thereof in our presence and in the presence of each of us and acknowledged by him to each of us; and he at the same time declared the said instrument so subscribed by him to be his last will and testament; whereupon we, at his request and in his presence and in the presence of each other have hereunto signed our names as witnesses to the execution thereof and written opposite our names our respective places of residence.
                              "Jos. Robison residing at Newfane, N. Y.
                              "Wm. H. Lee residing at Lockport, N. Y."

The testator left Carrie R. Raymond his widow, but left no child surviving him. His next of kin are his sister, Carolyn R. Birge, and his brother, Lewis Raymond.

The eight individual legatees named in the "eighth" clause of the will are nephews and nieces of testator, children of his said brother and sister, except Aloysious J. Eilers, who is a young man in whose education and business career testator had taken an interest. All of these legatees survived testator.

On or about April 8, 1911, testator drew and signed a codicil to the will, but it was not executed or published in the presence of witnesses, nor does it throw any light on the question of testator's intent.

Personal property alone is affected by this action.

[1, 2] As the testator left a wife and no child, it follows that he made no disposition of his estate to take effect on the death of his wife unless it is so disposed of by the paragraph of his will numbered "eighth." It is urged by the George Junior Republic Association, Inc., that, to prevent partial intestacy, the last sentence of this paragraph, which reads as follows, "The remainder of my property both real and personal I give, devise and bequeath to the Young Men's Christian Association of Lockport, N. Y., and the George Junior Republic Association of Freeville, N. Y., share and share alike," should be detached from the context and read separately as a general residuary clause, as if it were placed in a paragraph by itself, so that at the death of the

widow the residue of the estate would be divided between the Young Men's Christian Association of Lockport, N. Y., and the George Junior Republic.

The alternative is that, subject to the life estate of the widow under paragraph "fifth" of the will, the residue of the estate goes to the widow and next of kin of testator under the laws of intestate succession.

Mr. Raymond was a successful business man and had accumulated a modest fortune. He was interested in the George Junior Republic and the Lockport Y. M. C. A., and had for some years prior to his death made a practice of contributing annually towards their support. His relations with his brother and sister and their children had invariably been pleasant.

What is the intention of testator as evidenced by the terms of the will? If the contention of the George Junior Republic is correct and the last sentence of the "eighth" paragraph is an independent part of the will and not to be read merely as a part of the "seventh" and "eighth" paragraphs, which dispose of his estate in case he leaves "neither wife nor children," it follows that, if testator had left a wife and child, the child would be disinherited, for no provision is made for a child except by the "sixth" paragraph of the will, where it is provided that "in case I leave no wife me surviving, but a child or children," the child shall take all the residue except $2,000 which is given to the Lockport Y. M. C. A. Testator plainly intended to give his wife a life estate if she survived him and to give his possible surviving child or children almost his entire estate in case his wife did not survive him. To assume that he intended, in case he left both wife and child, that the child's share should go to the George Junior Republic and the Lockport Y. M. C. A. on the death of the wife is to reduce the claim of the George Junior Republic to a proposition of unnatural and inconsistent conduct on the part of the testator.

As matter of law, a child born after the making of the will, if unprovided for, might claim to succeed to a child's portion of the estate under section 26 of the Decedent Estate Law; but see Wormser v. Croce, 120 App. Div. 287, 104 N. Y. Supp. 1090.

The case in favor of the brother and the sister is well-nigh as strong as the hypothetical case stated.

Where the presumption against partial intestacy is in conflict with the presumption against disherison (Close v. Farmers' Loan & Trust Co., 195 N. Y. 92, 100, 87 N. E. 1005), the weaker must yield.

As stated by Haight, J., the rule to the effect that the testator did not intend to die intestate "has many exceptions and is only occasionally followed." Matter of Disney, 190 N. Y. 128, 132, 82 N. E. 1093.

But the rule that, "where a will is capable of two interpretations, that one should be adopted which prefers those of the blood of testator to strangers, * * * can be overcome only by clear and unequivocal language." Wood v. Mitcham, 92 N. Y. 375, 379–380.

Both of these presumptions must be related to the accompanying circumstances. The will is inartistically drawn. The testator perhaps intended to dispose of his entire property. It is possible that he had in mind that on the death of his wife the eight individual legatees named

in the "eighth" paragraph would be paid their $16,000, and that the residue, of uncertain value, would go to the George Junior Republic and the Lockport Y. M. C. A. Such a disposition of the estate would have been natural and consistent with his life relations with his relatives and the two institutions named. But he did not express such intention. It can by no method of construction be read into the will. It is quite as possible that he intended that his next of kin should take after the wife. Nothing suggests that he intended in any contingency to cut off a child, if he left one, or his brother and sister and their children, if he left no child, in order to bestow his estate upon charitable institutions. Yet such would be the result of separating the residuary clause of paragraph "eighth" from the context and making it the residuary clause of the will. Paragraphs "seventh" and "eighth" must be read together and separately from the rest of the will, as relating to a contingency that did not arise, to wit, the death of testator leaving neither wife nor child.

It seems plain that the intention of the testator was, if his wife survived him, to give her the use of his property not previously disposed of for life under the "fifth" paragraph of the will and that he made no other disposition of the property so bequeathed to her. In other words, she takes a life use of all his property not previously disposed of under the will and a widow's share therein under the law of intestate succession, and on her death the residue passes to the next of kin of testator, and nothing passes under paragraphs "seventh" and "eighth."