(163 App. Div. 241)

HULBURT v. SOUTHERLAND et al.

(Supreme Court, Appellate Division, Second Department.   June 26, 1914.)

WILLS (§ 866*)—CONSTRUCTION—PARTIAL INTESTACY.

Testator bequeathed all his estate to his widow for life, and on her death the remainder to any child or children, then surviving, in fee, but, if he died without issue, then on the widow's death the remainder was to pass in a manner specified. *Held*, that testator, having died leaving

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

two children surviving, who died in infancy, unmarried, intestate, and without issue, during the lifetime of the widow, such contingency not having been provided for, testator died intestate as to the remainder, which descended to his children as his heirs at law, and on the death of the survivor of them the remainder vested by descent in their mother as heir and next of kin, as provided by Decedent Estate Law (Consol. Laws, c. 13) §§ 81, 85, and section 98, subd. 8.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2200–2203; Dec. Dig. § 866.*]

Appeal from Special Term, Rockland County.

Action by Wynn A. Hulburt, as executor of the estate of Ella V. Smith Hulburt, deceased, against Minnie B. Southerland and others, as executors of the will of William D. M. Smith, deceased, for construction of such will. From a judgment declaring that defendants were entitled to the estate in remainder under the will of decedent Smith, and requiring plaintiff to account for the same, he appeals. Reversed on questions of fact and law, and judgment directed in favor of plaintiff.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Harvey De Baun, of Congers, for appellant.
Frank Comesky, of Nyack, for respondents.

BURR, J. William D. M. Smith died upon March 21, 1897, leaving a last will and testament, dated April 1, 1892, duly executed and subsequently proved, by which he gave to his wife, Ella V. Smith, the "use and benefit" of all his estate, real and personal, during her life, "for her maintenance and livelihood," with the right, "in the event of the income thereof being insufficient for such purposes, then to use and apply so much of the principal thereof as may be essential for such purposes in her judgment." Thereafter the testator provided:

"Third: Upon the death of my said wife, I give, bequeath, and devise all the rest, residue and remainder of my estate to my child or children, if any, then surviving, absolutely and in fee.

"Fourth: In the event of my dying without issue then, and upon the death of my said wife, I give, bequeath and devise all that shall then remain of my estate of whatsoever kind, as follows: The one equal half part thereof to my niece Minnie B. Southerland; one equal fourth part thereof to my sister, Angeline Southerland; and the one equal fourth part thereof to my sister Martha A. Smith absolutely and forever.

"In the event, however of my said sisters or both of them dying before my said wife, then I give, and bequeath and devise the share or shares above given them or either of them to my said niece, Minnie B. Southerland, absolutely and should my said niece die before my said sisters or either of them then I give, bequeath and devise her share to my said sister or sisters then surviving.

"Fourth: In the event that my said sisters and niece shall all die before my said wife and I shall die without issue, then I bequeath and devise my estate to my said wife absolutely."

At the time of the execution of said will, testator had no children. Subsequently two children were born, both of whom were living at

the time of his death. Both of these children died in infancy, unmarried, intestate, and without issue, and during the lifetime of his wife. She has since died, leaving a will by which, after making certain small bequests, she gave to Wynn A. Hulburt, whom she had married subsequently to the death of William D. M. Smith, "the use of the remainder of my money during his life," with remainder to Minnie B. Southerland, Lizzie Sparks, and Marie Wiley.

This action is brought to obtain a construction of the will of William D. M. Smith and a determination that:

"The said defendants, Minnie B. Southerland, Angeline Southerland, Martha A. Smith, and said Martha A. Smith and George B. Southerland, as such administrators with the will annexed, as aforesaid, are not entitled under said will to any part or portion of testator's estate."

From a judgment determining that said defendants are entitled to the estate in remainder under the will now being considered, and among other things requiring plaintiff, as executor of the last will and testament of Ella V. Hulburt, formerly Ella V. Smith, to account for the same, plaintiff appeals.

The contingency provided for in the opening sentence of the fourth paragraph of the will of William D. M. Smith did not arise. He did not die without issue. The contingency provided for in the third paragraph of his will did not arise. There was neither child nor children of his surviving at the date of his wife's death. We think that counsel for respondent correctly states that:

"The contingencies the testator provided for did not happen, and the contingency that happened was not provided for."

When he executed his will, he had no children. When he died, he had two. At the time of his death apparently he contemplated that one or both of these children might survive his wife, and he made provision therefor. He apparently did not contemplate that both might predecease her, and he made no provision therefor. In this contingency the estate in remainder was given to no one. It descended to his children as his heirs at law, and upon the death of the survivor the statute of descent and distribution then in force cast it upon the mother as the sole heir at law and next of kin. Decedent Estate Law (Consolidated Laws, c. 13 [Laws 1909, c. 18]) §§ 81, 85, and section 98, subd. 8.

"When the language used is as clear and unambiguous as it is in this case, it does not appear to me that we should evade its meaning by an endeavor to spell out a different intent on the part of the testator by resorting to the rule to the effect that the testator did not intend to die intestate, especially when that rule has many exceptions and is only occasionally followed." Matter of Disney, 190 N. Y. 128, 82 N. E. 1093; Eidt v. Eidt, 142 App. Div. 733, 127 N. Y. Supp. 680.

If we should allow ourselves in this case to grope after testator's intent, it is by no means certain that it was as stated by the learned court at Special Term that, "in the event of his death without issue surviving his widow (the contingency which happened), the remainder should go to the defendants" in this case. If he died without issue, that was his intent. If he left issue who died before his wife, it is

clear that he intended that any estate in remainder devised to them should be defeated by such death. But where is there any indication of his intent that if he died leaving issue, and this issue died during her lifetime, that should not follow whch has followed, namely, that through this issue, under the laws of intestacy, his wife should become seised of his whole estate? His eldest daughter Shirley was nearly 17 years of age when she died. There is at least a suggestion in the will of Ella V. (Smith) Hulburt that the disposition which the law now makes of his estate in remainder would have met his unqualified approval could he have looked into the future. "While courts have great latitude in giving effect to imperfectly expressed testamentary intentions, they have no right to make wills for testators." They are without power "to construct a will where none has in fact been made; nor to import into a will new provisions which are designed to create a testamentary disposition which is neither expressed nor necessarily to be implied." Dreyer v. Reisman, 202 N. Y. 476, 96 N. E. 90, 36 L. R. A. (N. S.) 618.

The judgment appealed from must be reversed, upon questions of fact as well as law, and judgment directed in favor of plaintiff to the effect that the defendants named therein are not entitled under the will of William D. M. Smith to any part or portion of his estate, with costs of the action and of this appeal. The twelfth, thirteenth, and fourteenth findings of fact are reversed. If plaintiff deems any additional findings of fact necessary, the order may be settled on notice. All concur.