In the Matter of the Estate of WILLIAM H. MYERS, Deceased.

Surrogate's Court, Kings County, September 18, 1930.

*Joseph A. Cahill*, for the petitioner.

*Harry I. Huber*, for John G. Myers, legatee.

*Henry Schoenherr*, for Major Gough, executor of the last will and testament of Lillie Palmer, deceased.

*Otto F. Struse*, for Bank of Manhattan Trust Company, one of the executors of and trustees under the last will and testament of William A. Myers.

WINGATE, S. A question of testamentary construction is raised upon this accounting, involving a determination of the persons to whom the residuary estate is payable following the termination of a trust for the life of testator's widow.

William H. Myers, the testator, died a resident of Kings county, on February 4, 1904. His will was admitted to probate in this court on March 22, 1904. He was survived by a widow, Mary Elizabeth Myers, three sons, John G. Myers, William A. Myers and Alexander F. Myers, and a daughter, Pamelia W. Stopenhagen, all of whom were named in the will. He was also survived by three grandchildren, named in the will, Mary M., Geneva E. and Lulu C. Stopenhagen.

The will, so far as here material, reads as follows:

"*Third*. All the rest, residue and remainder of my estate, * * * I give, devise and bequeath to my Executors * * *, in trust," to invest, pay taxes, repairs, etc., "and thereupon to turn over and pay to my said wife semi-annually the balance of such rents, issues, profits and interest during her natural life.

"*Fourth*. Upon the death of my said wife, I direct my said executors * * * to convert all of my said estate into money and to divide my estate into four equal parts, and that one of said fourth parts shall be turned over and paid to each of my three children, Pamelia W. Stopenhagen, John G. Myers and Alexander F. Myers, and if either of them be then dead leaving lawful issue him or her surviving then that such issue shall have and take the share and part his or her or their parent would have taken if living * * *.

"*Fifth*. I hereby direct that the remaining one fourth part * * * shall be held * * * by my said Executors * * *,

in trust, however, to invest * * * and to apply the income * * * thereof * * * for the support * * * of such of my grandchildren Mary M. Stopenhagen, Geneva E. Stopenhagen and Lulu C. Stopenhagen, as may then be minors, during the minority of the youngest one of them and upon the said youngest of them arriving at the age of twenty one years, then that such remaining fourth part shall be turned over and paid to my son, William A. Myers, if he be living, but if he be then dead, leaving lawful issue him surviving, then that said remaining fourth part shall be divided among and between his said issue and in default of such issue then that the same be divided among and between my grandchildren then living, share and share alike."

The material facts respecting the life history of those interested in the estate, stated chronologically are as follows:

On March 25, 1911, the youngest of the Stopenhagen grandchildren became of age;

On January 16, 1920, William A. Myers, one of testator's sons, died, unmarried, without child or descendant;

On June 24, 1926, John G. Myers, one of testator's sons, died leaving a son, John G. Myers, Jr.;

On November 2, 1928, Mary E. Myers, testator's widow and the life tenant of the trust, died.

At some undetermined time prior to the death of William H. Myers, Alexander F. Myers had a daughter, Ethel M. Woolley, who is now living.

It follows that at the death of the life tenant, the following descendants of the testator, William H. Myers, were living: Children, Pamelia W. Stopenhagen and Alexander F. Myers; grandchildren, John G. Myers, Jr., Mary M. Stopenhagen, Geneva E. Stopenhagen, Lulu C. Stopenhagen and Ethel M. Woolley.

Were it not for the diverse contentions of opposing counsel, which range all the way to partial intestacy, the court would have felt that the provisions of the will at bar directed such a clear and unescapable disposition of the remainder of the decedent's property, as was to have been expected from the pen of Hon. Samuel T. Maddox, former justice of the Supreme Court, who was apparently its author. It would seem that much, if not all, of the difficulty which counsel experience in its construction arises from the failure to appreciate that whereas the "Fourth" and "Fifth" items are separately numbered, they are to be read and construed together, and in reality constitute one integral entirety in the disposition of the remainder following the life trust for the widow. The final dispositive language under both numbered items is identical. Stripped of non-essentials and eliminating the intermediate trust

under item " Fifth," which never came into effect by reason of the condition on which it was predicated, we have the following as the composite disposition of the remainder:

" Upon the death of my said wife, I direct my \* \* \* Executors \* \* \* to convert all of my \* \* \* estate into money and to divide my estate into four equal parts \* \* \*, one of said four equal parts shall be \* \* \* paid to each of my three children, Pamelia W. Stopenhagen, John G. Myers and Alexander F. Myers, and if either of them be then dead leaving lawful issue him surviving \* \* \* then \* \* \* such issue shall have \* \* \* the share \* \* \* his \* \* \* parent would have taken if living \* \* \* the remaining one fourth part \* \* \* shall be \* \* \* paid to my son, William A. Myers, if he be living, but if he be then dead, leaving lawful issue him surviving then \* \* \* said remaining fourth part shall be divided among \* \* \* his said issue and in default of such issue \* \* \* the same be divided among \* \* \* my grandchildren then living, share and share alike."

It is entirely obvious from testator's express direction, that the act of division was not to take place until the death of the widow. Until that time arrived, neither the content nor value of the remainder was determinable. When ascertained, after the happening of this event, it was to be divided into four equal parts, the first three of which were dedicated to clearly defined individuals, namely, the three named children of testator, subject, however, to the condition that " if either of them be *then* dead leaving lawful issue " surviving, the share of the deceased should go to such issue. The word " then," which has been italicized, can by no reasonable interpretation be taken to refer to any time other than such time of division which was to take place only " upon the death " of the widow. The phraseology respecting the fourth part is, if possible, even clearer than the first three; it is to go to William, " if he be living, but if he be then dead," a gift over is provided to his issue, if any, or failing such, to the grandchildren of testator *per capita*.

It is clear that upon the death of testator each of his children received a contingently vested estate which was subject to defeat as to any such child in case he died prior to the arrival of the time for division and distribution. (*Matter of Terwilligar*, 135 Misc. 170, 183, 184; affd., 230 App. Div. 763.)

In the opinion of the court the manner of distribution is obvious. Pamelia W. Stopenhagen and Alexander F. Myers, both being alive at the time specified for the directed division and payment, are entitled each to one-fourth of the residue. The one-fourth of the remainder which would have gone to John passes to his son,

John G. Myers, Jr., and the fourth quarter which would have gone to William A., passes, in default of his issue, to the grand-children of testator to be divided *per capita*. It follows that since there are five such grandchildren, each is entitled, in this connection, to one-twentieth of the entire residue. Those so entitled are John G. Myers, Jr., Mary M., Geneva E., and Lulu C. Stopenhagen and Ethel M. Woolley.

Every applicable canon of construction is complied with in this result. Intestacy, for which certain parties contend, is avoided (*Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 538; *Matter of Blasius*, 134 Misc. 753, 758; *Matter of McGowan*, Id. 409, 411; affd., 228 App. Div. 779; affd., 254 N. Y. 513), and " the blood of testator rather than strangers," is favored. (*Matter of Rooker*, 248 N. Y. 361, 364.)

It follows that the remainder of the trust for Mary E. Myers should be distributed, five-twentieths each to Pamelia W. Stopenhagen and Alexander F. Myers; six-twentieths to John G. Myers, Jr., and one-twentieth each to Mary M. Stopenhagen, Geneva E. Stopenhagen, Lulu C. Stopenhagen and Ethel M. Woolley.

Proceed accordingly.