In the Matter of the Estate of LEWIS HOPNER, Deceased.

Surrogate's Court, Kings County, August 30, 1933.

*Levine & Brody*, for the claimant Edith Hopner, as executrix, etc.

*Alexander P. Cohen*, for Caroline E. Helme and Janet Helme.

*John T. Sackett*, for the trustees.

*E. Ivan Rubenstein*, special guardian.

WINGATE, S. The will which is the subject-matter of this construction proceeding, after specific bequests of certain articles of household furniture, gave the entire remainder of testator's property to his two daughters, Eleanor and Daisy, in trust to invest, and after deduction from the income of all necessary expenses, to divide such income into seven equal parts. The item in question then proceeded: " and that they pay two of said parts or shares to each of my two daughters, Eleanor E. Hopner and Daisy Hopner, one of said parts or shares to my daughter Caroline E. Helme, and one of said parts or shares to my son Robert H. Hopner, semi-annually, and that they use the remainder part or share for the

support, maintenance and education of Lewis Hopner and Eleanor Hopner, children of my deceased son, Lewis Hopner, or their survivor."

The term of the trust was measured by the lives of testator's daughters Eleanor and Daisy, it being further directed that upon the death of the first of them, the portion of the income payable to such decedent should be divided equally among testator's surviving children and the issue of any deceased child. Upon the death of the survivor of the measuring lives testator directed the trustees " to convert said trust estate into money and to divide the proceeds into as many parts. or shares as I shall then leave me surviving children including the issue of any deceased child."

After the erection of this trust and the payment for some time of the income to the beneficiaries as directed,. one of the life tenants, Robert H. Hopner, died married, but without issue. The question presently presented for determination is as to whether his widow, to whom he bequeathed his entire estate, is entitled to receive the income under this trust until the death of the survivor of the two persons by whose lives the trust term is measured.

The various parties to the litigation have, with commendable industry, collected and presented for the consideration and guidance of the court a considerable mass of decisions construing wills possessing more or less similarity to the one at bar. These cases are not, however, of any particular aid in attaining a result, since it is a primary principle of testamentary construction that in no branch of the law are precedents of less value. (*Matter of Rossiter*, 134 Misc. 837, 839; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissmann*, 137 Misc. 113, 114; affd., 232 App. Div. 698; *Matter of McCafferty*, 142 Misc. 371, 372, 373; affd., 236 App. Div. 678; *Matter of Mead*, 145 Misc. 893, 895.) Except in so far, therefore, as these decisions purport to state general rules, they are substantially valueless in reaching a determination here.

If a lack of certainty of direction constitutes an ambiguity, it may readily be conceded that one exists in the present will. It follows that canons of interpretation may, and probably should, be resorted to for the purpose of attempting to arrive at the intention of the testator. (*Matter of Gurlitz*, 134 Misc. 160, 163.) Among the most useful and frequently employed of these aids to interpretation is the so-called " divide and pay over rule " (*Matter of of Soy*, 143 Misc. 217, 219), which is to the effect that where the terminology of the testamentary document contains no direct gift to the individual but the donation is effected merely by a direction to another to make division and payment over, futurity is implied and no vesting of the subject-matter of the gift in the

donee will take place prior to the time that the particular distribution is directed to be effected.

In this connection the language of Chief Judge Hiscock, writing for the unanimous court in *Wright* v. *Wright* (225 N. Y. 329, at p. 336), is especially pertinent: " There are in the will no words or provisions which directly or indirectly import a present or vested gift or which indicate such an intent. The testamentary disposition is to the trustees in trust to collect the rents, issues and profits of this portion of the residuary estate during the life of the testator's sister and to pay the same to her and ' after her death either after, before or with me to pay or apply such income and principal as follows,' and then after other clauses the direction to the executors and trustees is to pay and deliver to the library as already indicated. Under these circumstances we have the simple case, free from complications, where there is no gift but by direction to trustees to pay at a future time, and in such a case it is perfectly well settled that the legacy will not vest in the beneficiary until the time for payment arrives. (*Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 N. Y. 92, 109; *Delafield* v. *Shipman*, 103 N. Y. 463; *Shipman* v. *Rollins*, 98 N. Y. 311; *Rudd* v. *Cornell*, 171 N. Y. 114.) " (See, also, *Matter of Leonard*, 143 Misc. 172, 178.)

In the case at bar the only language of gift is by a direction for division and payment over, and according to this canon of construction the right of any beneficiary to a particular installment of income accrues only when it has been received and divided by the trustees. Any portions not received during his lifetime could, therefore, not be vested in him by the particular wording of this gift.

The propriety of application of this canon under the phraseology of the present testamentary document is strongly reinforced by the apparently dominant purpose of the testator to benefit only those of his blood, which purpose would be defeated by a sustaining of the contention for which objectant argues, since in such case this portion of the income of the trust would go solely to the widow of the testator's deceased son.

The language of Judge, now Chief Judge, Pound in *Matter of Werlich* (230 N. Y. 516, 520) is of interest in this connection: " The rule of presumption against intestacy and the rule in favor of one's blood against strangers often conflict and neither is a controlling guide to testator's intention. (*Raymond* v. *George Junior Republic Assn.*, 82 Misc. Rep. 507, 513 and cases cited.) Where the presumption against partial intestacy is in conflict with the presumption against disherison (*Close* v. *Farmers' Loan & Trust Co.*, 195 N. Y. 92, 100) the weaker must yield. As stated by Haight, J., the rule

to the effect that the testator did not intend to die intestate ' has many exceptions and is only occasionally followed.' (*Matter of Disney*, 190 N. Y. 128, 132.) But the rule that ' where a will is capable of two interpretations, that one should be adopted which prefers those of the blood of the testator to strangers   *   *   * can be overcome only by clear and unequivocal language.' (*Wood v. Mitchan*, 92 N. Y. 375, 379, 380.) '' (See, also, *Matter of Myers*, 137 Misc. 868, 872.)

In testamentary interpretation the powers of the court are strictly limited to a determination of what the testator intended by the language employed by him. It has no right or authority to rewrite the will on his behalf. (*Matter of Shumway*, 138 Misc. 429, 434; *Matter of Howells*, 145 id. 557, 559; *Matter of Canter*, 146 id. 123, 127; *Matter of Gavey*, 147 id. 332, 336.)

In the present case the direction made by testator was that the specified portions of the installments of income herein questioned should be paid to his son, Robert H. Hopner. The effect of the contention of the objectant is that the court should substitute for his name that of his widow, Edith Hopner. Such an act is beyond the power of the court.

The accountants have tendered to the estate of the deceased son the *pro rata* portion of the income of the trust which accrued up to the time of his death. This tender has been declined. It is, however, all to which it is entitled.

It is entirely obvious that the situation here disclosed is that which so frequently occurs in the preparation of wills. An eventuality has transpired, the happening of which testator failed to foresee and against which he made no provision. It must, therefore, be determined that the portion of the income accruing and payable subsequent to the death of Robert Hopner was not validly given by the terms of the instrument, with the result, under section 63 of the Real Property Law, that the portion not validly bequeathed passes to the next eventual estate. (*Matter of Kohler*, 231 N. Y. 353; *Matter of Hartfield*, 139 Misc. 214, 218, 219; *Matter of Mehler*, 143 id. 63, 68; *Matter of Knoll*, 146 id. 613, 615.)

The term '' next eventual estate '' is authoritatively defined in *Manice v. Manice* (43 N. Y. 303, at p. 385) as follows: '' The statute does not say the ultimate, but the next eventual estate. That is, the estate which is to take effect upon the happening of the event which terminates the accumulation. Those who presumptively will be entitled to receive the rents and profits when the period of accumulation ends, are entitled to anticipate the event which is to terminate the accumulation and to take at once the rents and profits which are undisposed of or unlawfully directed

to be accumulated." (See, also, *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381, 386.)

Testator's children Eleanor and Daisy, upon whose lives the trust is limited, do not come within this description, since they are by the terms of the will entitled only to income and receive no shares in the distribution of the principal. They have no children and upon their joint deaths the corpus of the trust goes elsewhere. The deceased son Robert has left no children, wherefore his branch of the family is likewise eliminated in this connection. Were the trust to be presently terminated by the death of the two individuals upon whose lives it is measured, testator's daughter Caroline E. Helme and his grandchildren, Lewis and Eleanor, children of his deceased son Lewis, would be entitled to the entire remainder of the estate. Within the definition, therefore, they are persons entitled to the next eventual estate and the income undisposed of under the terms of the will should be paid to them. (*Delafield* v. *Shipman*, 103 N. Y. 463, 468, 469.)

Proceed accordingly.