In the Matter of the Estate of GEORGE ZEH, Deceased. MARY Z. VAN VOLKENBURGH et al., Appellants; ELLA ZEH, as Executrix of GEORGE ZEH, Deceased, Respondent. — Appeal from that part of the order of .the Surrogate's Court, Schoharie County, which determined that petitioner-respondent was the owner in fee of certain real estate of which decendant died seized. Respondent is the widow of decedent. The latter left a will which contained the following clauses: "Third — All the rest residue and remainder of my estate, both real and personal of name or nature whatsoever and wheresoever situate, I give the use occupancy and control to my wife. Ella Zeh for and during her lifetime, * * *. Fourth — At the death of my said wife I direct that the balance of my estate be equally divided between my children that may survive her." The testator was survived by two children, both of whom died intestate in January, 1919, and left no issue or surviving spouse. The Surrogate held that upon the death of the remaindermen decedent became intestate as to the real property involved in this proceeding and the same descended in fee to respondent (L. 1909, ch. 18; Doane v. Mercantile Trust Co. 160 N. Y. 494; Hulbert v. Southerland, 163 App. Div. 241; Corse v. Chapman, 153 N. Y. 466). Appellants urge, however, that because of a transfer tax proceeding in 1920, and an accounting proceeding between 1919 and 1921, the rule of descent cited did not apply. In both of those proceedings respondent took the position that the remainder to the children never vested because of their failure to survive her and therefore descended to the appellants here as the next of kin and heirs at law of the decedent. The then Acting Surrogate adopted her contention and assessed a transfer tax accordingly. The decree in the accounting proceeding did not identify the next of kin but the appellants argue that respondent's position in that proceeding judicially estopped her from asserting in the present proceeding that appellants are not the heirs at law and next of kin of decedent. Their principal point, however, appears to be that the order in the transfer tax proceeding is res judicata here. In the present proceeding the Surrogate rejected both of these contentions and held that the order in the transfer tax proceeding was conclusive only on the issue of taxation; and that respondent was not judicially estopped by reason of the position taken by her in the former accounting proceeding (Matter of Ullmann, 137 N. Y. 403; Amherst College v. Ritch, 151 N. Y. 282; Matter of Nortz, 272 App. Div. 485; Matter of Seaman, 275 App. Div. 484). Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See post, pp. 930, 1049.]