■ In the Matter of the Estate of JOSEPH CIANCIULLI, Deceased. CONSTANCE BELARDO, Respondent; PASQUALINA CIANCIULLI et al., Appellants.—In a proceeding for a final accounting and construction of the will of Joseph Cianciulli, deceased, the appeal is from an order of the Surrogate's Court, Westchester County (Scancarelli, S.), dated May 30, 1989, which denied the appellants' motion for partial summary judgment compelling the transfer of title of certain real property to the appellant Pasqualina Cianciulli.

Ordered that the order is affirmed, without costs or disbursements.

In his last will and testament, the decedent Joseph Cianciulli created a trust and granted a life estate in the family home to his wife Vita Maria Cianciulli and the remainder interest to his son Fred on the condition that within 18 months after Vita Maria's death Fred pay stated sums to each of his four siblings. The will further provided that if Fred did not comply with the condition the bequest would lapse into the residuary estate. The residuary estate was left to "my children in equal shares, *per stirpes,* absolutely and forever". Fred, who died in 1978, outlived his father but predeceased his mother Vita Maria, who died in 1987. Fred's wife Pasqualina was the sole beneficiary under his will. Upon Fred's mother's death, Pasqualina tendered payment to each of Fred's four siblings and demanded delivery of the deed to the house. Fred's siblings refused the tender and delivery of the deed. In a subsequent proceeding commenced by the executor for construction of the will *(see,* SCPA 1420), Pasqualina and her two children filed objections and sought partial summary judgment on the ground, *inter alia,* that the will unambiguously left the house to Fred without a condition of survival or any other limitation and that, therefore, Pasqualina, as his sole devisee, was entitled to receive title.

We agree with the Surrogate that the devise to Fred was a testamentary option to purchase realty. As such, it was personal to Fred, terminated upon his death, and was thus not exercisable by his widow *(see, Matter of Passanisi,* 124 Misc 2d 326; *Matter of Quigley,* 37 Misc 2d 320; Annotation, *Testamen-*

*tary Option to Purchase Estate Property as Surviving Option-ee's Death,* 18 ALR4th 578). Contrary to the appellants' contention, the will is by no means unambiguous and does not clearly grant to Fred's successors the right to exercise the option after his death. Accordingly, a construction proceeding is necessary to determine the testator's specific intent.

Nor is there any merit to the appellants' contention that the instant construction proceeding is barred under the doctrine of law of the case or res judicata by a January 9, 1968 order of the Surrogate fixing estate taxes following the testator's death *(see, Matter of Nortz,* 272 App Div 485; *Matter of Zeh,* 112 NYS2d 594, *affd* 281 App Div 926). At the time of that proceeding, Fred was alive and any question as to the nature of his property interest in the event he was to predecease his mother was not presented or litigated.

We have examined the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.