## KING *vs.* BARKER.

### *In the matter of the Estate of* JESSE BARKER, *deceased.*

THE testator devised and bequeathed the residue of his estate to the children of his deceased brothers as tenants in common in certain shares, and then provided as follows : "And should either of the said seven children die before me, without leaving any child or other descendant, I hereby give, devise, and bequeath the residuary share or portion of the one so dying to her or his surviving brothers or sisters." The nephews and nieces were also heirs and next of kin, with others. One of the residuary legatees having died before the testator, leaving children,—*Held*, That there was an implied gift to his children.

A devise to the heir or residuary devisee after the death of A., raises an estate for life in A. by implication ; but otherwise when the devise is to a stranger. Whether a devise to one of several co-heirs after the death of A. raises in the latter an estate for life by implication,—*Quaere.*

Where there is an absolute gift of personal estate, and then a bequest over to several co-heirs and residuary legatees, in case the first legatee dies before the testator without leaving children, if the legatee dies leaving children, the legacy will survive to the children, as being within the testator's intention.

JOHN NEWLAND, *for Executor.*

THE SURROGATE.—The residuary clause of the testator's will was in these words: "All and singular the rest, residue, and remainder of my property and estate, whatever and wheresoever, both real and personal, I do hereby give, devise, and bequeath as follows: that is to say, the one equal half part thereof to the three surviving children, hereinbefore named, of my deceased brother Jeremiah Barker, and their respective heirs, executors, administrators and assigns, in equal portions, or share and share alike ; and the other half part thereof to the four sons, herein above named, of my deceased brother Abner Barker, and their respective heirs,

executors, administrators and assigns, in equal portions, or share and share alike; and should either of the said seven children die before me, without leaving any child or other descendant, I hereby give, devise and bequeath the residuary share or portion of the one so dying to her or his surviving brothers or sisters, as the case may be, in equal portions, or share and share alike." One of the residuary legatees having died before the testator, leaving children, the question is whether that share lapses and is to be distributed among the testator's next of kin, or whether it passes to the legatee's descendants. There is no direct gift to the children or descendants of the residuary legatees, *eo nomine*, in case their parents did not survive the testator. Can a bequest to them be implied from the fact that the legacy is given over to surviving brothers and sisters, in case any one should die "*without* leaving any child or other descendant?" A contingency has arisen for which no provision has in terms been made, and it becomes necessary to resort to the probable intent of the testator as it may be *implied* from the language he has used. The rule in relation to real estate is, that where land is devised to the heir after the death of A., an estate for life is conferred on A. by implication; but that under a devise to B., a stranger, after the death of A., no estate will arise to A. by implication. If the will contains a disposition of the residuary estate, a devise to the residuary devisee, to take effect on the decease of another person, raises the same implication. (1 *Jarman on Wills, pp.* 465, 479; *Hutton* vs. *Simpson,* 2 *Vernon,* 723; *Blackwell* vs. *Bull,* 1 *Keen,* 176; *Roe* vs. *Summerset,* 5 *Burr.,* 2608; *Bird* vs. *Hunsdon,* 2 *Swant.,* 342; *Goodright* vs. *Hoskins,* 9 *East.,* 306.)

In the case now before me, the gift is to certain legatees as tenants in common of the residuary estate, with a provision that if any die before the testator, without leaving descendants, his share shall survive to the other residuary legatees. Can we impute to the testator the extraordinary intention of enabling the survivors to take only in case the deceased legatee left no children, and yet if there be children that the chil-

dren should not take? (*Ex parte Rogers*, 2 *Madd.*, 449.) The clause was doubtless intended to prevent a lapse, for without its insertion the share of the legatee dying before the testator would have fallen. Can there be a doubt that it was intended the children should be substituted in the place of their deceased parent, when the share is given over on the contingency of there being no children? In *Harman* vs. *Dickenson*, 1 *Bro. C. C.* 91, the testator made a bequest to his two daughters, and in case one should die *without issue*, then to the surviving daughter and her issue. One married and died leaving issue, and the other died unmarried, and Lord Thurlow held that the money should go to the issue of the married daughter. (*Scott* vs. *Bargeman*, 2 *P. Wm.*, 68; *Ashley* vs. *Ashley*, 6 *Sim.*, 358; *Crowder* vs. *Clowes*, 2 *Vesey*, 449; *Wainewright* vs. *Wainewright*, 3 *Ves.* 558.) In *Blackwell* vs. *Bull*, 1 *Keen*, 176, real and personal estate was given over *after* the decease of the testator's wife, to his children, one of whom was the heir, and Lord Langdon decided that the wife took a life estate. As the authorities stand, there would be no difficulty in determining in the present case, that the children of the legatee take his legacy by implication, if the bequest were general and not residuary. But as the share of a residuary legatee taking as tenant in common, does not, by his decease before the testator, survive to the other residuary legatees, but passes to the next of kin, it results in this case that the gift over to the other residuary legatees, does not by force of its own terms come within the rule that a devise to the heir or residuary devisee after the decease of A. implies a life estate in A. But it appears in fact that these residuary legatees, as next of kin of the testator, would share in this lapsed bequest, with others. Will a devise to one of several co-heirs after the decease of A. raise an estate for life in A. by implication? There seems to be some doubt on that point (*Hutton* vs. *Simpson*, 2 *Vern.*, 723; *Willis* vs. *Lucas*, 1 *P. Wms.*, 472; 1 *Jarman on Wills*, 467) in respect to devises of real estate; but the reasons upon which the doubt arises do not appear to me to apply to absolute gifts of personal estate.

KING *vs.* BARKER.

In the present will the legatee's death before the testator is considered—it is the very subject of his thoughts, the intended object of his provision. Is it not absurd to suppose that he meant all his next of kin to take in case the legatee died leaving children, but only a portion of them to take, in case he died without children? How could the fact of the legatee's having children or not having children affect his intention as to the gift over, whether it should be to one or all of his kindred? "Is it not probable that the persons, the children, whose non-existence is made the contingency upon which the gift over is to take effect, are placed in that position for the purpose of taking the property in the first instance?" (1 *Jarman on Wills*, 465). This is the line of argument upon which devises of real estate by implication are sustained, and it applies with more force to dispositions of personal estate, for in respect to lands there must be a necessary implication to oust the heir, while in regard to personalty the rule is not so strict. It seems to me impossible to account for the gift over to the deceased legatee's brothers and sisters, in case he died before the testator without leaving children, upon any other reasonable hypothesis than the intent that the children should be substituted in the place of their parent. The children were here in the contemplation of the testator, the death of their parent, and the lapse of the legacy, if not otherwise prevented, were also before him, and he declares if the parent dies without leaving children, his brothers and sisters shall have his share. Surely no court can be at a loss to discover an intention in favor of the children. He says if A. should die before me, leaving no children, I do not mean his legacy to lapse, but I give it to his brothers and sisters. Shall he be made to say, if A. die before me, leaving children, I do mean his legacy to lapse—neither his children nor his brothers and sisters shall have it? Very certainly that was not his purpose. He not only has not said so, but he has provided for the death of the legatee without leaving issue, in such a way as to raise the strongest implication in favor of the issue. To reach any other conclusion, we must do violence to all the ordinary mo-

tives and reasons which influence mankind in arranging testamentary dispositions. In declaring that the children of the deceased legatee take the bequest designed for their parent, by implication, it is not necessary to lay down any general rule for the government of this class of cases. This is a mere question of intention. Each will should be judged by itself, and if the Court can discover the testator's intention to make a gift, though it be expressed in obscure terms, or be implied from other provisions, justice will ever struggle to carry out the intent. I think there is sufficient on the face of the residuary clause of this will, to substitute the children of the deceased legatee to the share their father would have taken if living, and the decree must provide for them accordingly.