(118 App. Rep. 378)          In re DISNEY'S WILL.

(Supreme Court, Appellate Division, First Department.   March 22, 1907.)

WILLS—CONSTRUCTION—BEQUESTS BY IMPLICATION.

>      Under a residuary bequest to testator's stepmother and half-sister, in
> equal portions, and, in the event of either dying without issue, the share
> of the one so dying to the survivor, the stepmother dying before testator,
> he does not die intestate as to the share given, but there is an implied
> bequest of it to her issue.

>      Ingraham, J., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the probate of the will of John A. Disney, deceased. From the decree, in so far as it construes the will, Mary J. McKenna, next of kin, appeals; Fanny K. Cohn, legatee, being respondent. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edward L. Stevens, for appellant.

John F. Nelson, for respondent.

HOUGHTON, J.   On proceedings for the probate of the last will and testament of John S. Disney, deceased, the appellant, a daughter of a deceased sister of the testator, not provided for by the will, filed contesting allegations, and asked that, in case of admission to probate, the surrogate construe the residuary clause thereof.   That clause provided as follows:

> "Seventh. All the rest, residue and remainder of my estate, of every kind
> and nature whatsoever, I do give, devise and bequeath to my mother Mary E.
> Disney, and my sister Fannie K. Cohn in equal shares or portions, to have
> and to hold the same absolutely and forever; and in the event of either dying
> without issue surviving, I give, devise and bequeath the share or portion of
> the one so dying to the survivor."

Although mentioned as mother, Mary E. Disney was the stepmother of the testator; she having married his father and had two children by him, Fannie K. Cohn and Charles S. Disney, who were hence brother and sister of the half blood of testator.   The son Charles had died, leaving a daughter, Florence, an infant, who is still alive.   Mary E. Disney died before the testator, and it is conceded that certain bequests to her in prior portions of the will lapsed and fell into the residuary clause above quoted.   The surrogate held that Fannie K. Cohn, the survivor of the residuary legatees, took the whole of the residuum, and so decreed.

The appellant contends, on her appeal therefrom, that the testator died intestate as to one-half of the residuum, because Mary E. Disney did not die "without issue surviving," and thus fulfill the condition of the gift over to the survivor; for she in fact left her surviving Fannie K. Cohn, her daughter, and Florence Disney, her granddaughter.   The respondent insists that the word "issue" should be held to mean children only, and that the testator, understanding fully the situation of affairs, intended the term "dying without issue surviving" to apply

to Fannie only, and that, in the event of her death prior to his own without issue and the survival of the mother, all was to go· to her, and that, if the mother should predecease him, all was to go to Fannie.

Little is to be gathered from the context of the will which throws light upon the meaning of the testator, aside from the fact that the dominant idea was to provide for his mother and his half-sister, Fannie K. Cohn. Both were made executors, and no bequests were made to any other of his relatives, aside from $1,000 each to his two living sisters and the same sum to the child of Fannie. The primary meaning of "issue," or "lawful issue," is descendants, and in the absence of the use of the words in a will in another sense they will be so construed. New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11, 55 N. E. 311, 76 Am. St. Rep. 238; Chwatal v. Schreiner, 148 N. Y. 683, 43 N. E. 166.

In our view of the case, so far. as the question presented upon this. appeal is concerned, it is unimportant to determine whether the testator used the word "issue" in its broad or restricted sense, or to enter into refinements as to whether the word is used respecting Fannie alone, or applies to both the residuary legatees; for we are of the opinion that in no event has the appellant any interest in the estate of the testator. Even if Fannie K. Cohn did not take the whole of the residue as the survivor of the two residuary legatees, we think there was a gift by implication to the issue of Mary E. Disney, and hence that the one-half of the residue which she would have taken, had she lived, passed under the will to Fannie, her daughter, and to Florence, her· granddaughter. The testator, having executed his will, is presumed to have intended to dispose of all of his property, and, if possible from fair intent, the courts will so construe its provisions as to prevent intestacy of any part. Especially is this rule true of a residuary clause. Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133.

The position of the appellant is that the surviving residuary legatee cannot take because Mary E. Disney did not meet the condition of the will and die without issue, and hence that, because she died with issue, there was no disposition of the one-half of the residue. The words "dying without issue surviving" must be presumed to have been used for some purpose. Fannie had a child to whom the testator had bequeathed $1,000. If both the mother and Fannie had predeceased the testator, unless these words be given some effect, although both may have left issue, the testator must in such case.have been held to have died intestate as to the residue of his estate. Having,used the words "dying without issue surviving," can it be said that he intended to die intestate if both died before himself and each left issue surviving her? No such intent can be imputed except from necessity. The more reasonable hypothesis is that, in case either died leaving issue, such issue should take in place of the one so dying.

Bequests and devises by implication are not infrequent. Where land is devised to the heir after the death of A., although no specific life estate is conferred upon A., he takes one by implication. In King v. Barker, 3 Brad. (N. Y.) 126, the testator devised and bequeathed the residue of his estate to the children of his deceased brothers as tenants in common, and provided as follows:

"And should either of the said seven children die before me, without leaving any child or other descendant, I hereby give, devise and bequeath the residuary share or portion of the one so dying to her or his surviving brothers or sisters."

One of the residuary legatees having died before the testator leaving children, it was held by the surrogate, although there was no express gift, that there was an implied gift to such children. The opinion in the above case is a logical and learned one, and refers to the authorities sustaining the holding at hand at the time it was written. The question does not appear to have been considered by any other of the courts of this state. In England, however, the question has been considered in several cases.

By the will considered in Ex parte Rogers, 2 Madd. 449, a sum was given to a niece, "and at her decease without child or children" over to another. The legatee died leaving children, and it was held that there was a gift by implication to her children, and that the money did not pass to the contingent legatee. Requests by implication founded on the same principle were held to have been effectual in Abbott v. Middleton, 21 Beav. 143, and in Crowder v. Clowes, 2 Vesey, Jr., 449, and in Wainewright v. Wainewright, 3 Vesey, Jr., 558, and in Dowling v. Dowling, 1 L. R. Eq. Cases, 441. The rule was applied in Holton v. White, 23 N. J. Law, 330.

Whether the entire residue passed to Fannie, or whether the one-half was divided between her and the granddaughter, Florence, is not before us to specifically decide. In our opinion the testator did not die intestate as to any part of his residuary estate, and so far as this appellant is concerned she has no interest in the estate, whether it passed one way or the other. Not having any interest, whether the decree of the surrogate was right or wrong as between Fannie K. Cohn and Florence Disney is of no importance to the appellant, and the decree must be affirmed, with costs.

PATTERSON, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). The testator died on the 7th day of January, 1906, unmarried and without issue, leaving his brothers and sisters and descendants of a deceased brother and sister his heirs at law and next of kin. He left a last will and testament, which was presented for probate. Upon the probate proceeding the parties interested requested the surrogate to construe the will. After a bequest and devise to Mary E. Disney, he disposed of the residuary estate by the seventh clause of the will as follows:

"Seventh. All the rest, residue and remainder of my estate, of every kind and nature whatsoever, I do give, devise and bequeath to my mother Mary E. Disney, and my sister Fannie K. Cohn in equal shares or portions, to have and to hold the same absolutely and forever; and in the event of either dying without issue surviving, I give, devise and bequeath the share or portion of the one so dying to the survivor."

Mary E. Disney was the testator's stepmother. She died before the testator, and the question presented is as to what disposition, if

any, was made of the undivided half of the residuary estate devised and bequeathed to her. The surrogate construed the will as giving to Fannie K. Cohn the whole of the residuary estate. The appellant claims that, as the legacy to Mary E. Disney lapsed in consequence of her death before the testator, he died intestate as to the half of the estate so devised and bequeathed to her. The property was given to Mary E. Disney and Fannie K. Cohn equally as tenants in common. Matter of Seebeck, 140 N. Y. 241, 35 N. E. 429; Matter of Kimberly, 150 N. Y. 90, 44 N. E. 95. If Mary E. Disney had survived the testator, she would have been entitled to an undivided share of this property as tenant in common. The testator then provided that, in the event of her death "without issue surviving," her share or portion should go to the survivor. She did not die without issue surviving, but had living issue, a daughter and grandchildren. The testator could not have understood that by this provision of the will, if she had left issue surviving, that her share should go to the survivor. He probably thought that, in the event of her dying leaving issue surviving, the share would go to the issue; but this is mere speculation. The will, however, is clear and unambiguous. He gave one-half of his residuary estate to his stepmother, and then provided that, in the event of her dying without issue surviving, the whole of the residuary estate should go to his sister Fannie. The mother did not die without issue surviving, and therefore the contingency upon which Fannie should take the whole of the residuary estate did not happen. Certainly the will does not directly give to Fannie the whole of the residuary estate in the event of his mother dying leaving issue surviving; and it seems to me that there is no indication for an intention that the testator's sister Fannie should have the whole residuary estate, except upon one condition mentioned, namely, the death of his mother without issue surviving. We do not know what the testator had in mind in making this will, and we are restricted, therefore, to the express language used.

It is settled that if the residuary of the estate is given to several in common, and one of them dies, the legacy lapses, and the testator died intestate as to such share. Floyd v. Barker, 1 Paige (N. Y.) 480; Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177. In the latter case Judge Gray says:

"The fact that one of the legatees, Lucretia Rice, predeceased the testator, does not affect the question of distribution, otherwise than that, as the result of her death was to cause her legacy to lapse and to fall into the residue, her share in the residue estate is undisposed of and passes to the next of kin. The lapse, by death, of the legacy, does not disturb the proportions, and, of course, it does not become distributable among the other legatees. As to that portion of the residuary estate the testator died intestate."

It is a settled rule that, where the language of a residuary clause is capable of more than one construction, the court will favor the construction that will prevent intestacy; but the application of this rule does not allow the court to make a new will for the testator, which will dispose of the property in a way not justified by any reasonable construction of the will. The testator certainly must have meant something by inserting the words "without issue surviving," and he could

only have meant that the condition upon which the survivor of the two legatees should take was the dying of the other legatee without issue surviving. If we assume that the testator considered that, upon the death of his stepmother leaving issue, the share devised to her would go to the issue, we cannot give effect to that understanding, because the law steps in and says that a legacy to a person dying before the testator lapses, except the case of a descendant of the testator leaving issue. Whatever understanding the testator had as to the effect of the death of his mother before his own cannot overcome a settled rule of law as to the lapsing of a devise or legacy. ·

I think that the lapsed bequest and devise to his mother in the second and third clauses of the will became a part of the residuary estate, and that Fannie K. Cohn was entitled to one half of the whole estate, including these lapsed legacies contained in the second and third clauses of the will, and that as to the other half of the residuary estate the testator died intestate, and it passed to his heirs at law and next of kin.

The decree appealed from should be modified accordingly, with costs to all parties who have appeared on this appeal, payable out of the estate.