### AMERICAN BAPTIST HOME MISSION SOC. v. BOWMAN et al.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1924.)

No. 4038.

**Wills ⚖️601(1)—Held to devise life estate, and not fee-simple estate.**

> Will providing that "I give, devise and bequeath" real estate to named children, that "this bequest carries with it no right to dispose of the real estate thus devised except by will in case they should marry and have issue," that "if either should die without issue, then the other, or her heirs, shall fall heir to the interests of the decedent," and that "if both should die without issue, then I will and devise" the property to other named persons, did not devise a fee-simple estate to the children, but devised merely a life estate coupled with the power of appointment by will, to be exercised only in case they should marry and have issue.

In Error to the District Court of the United States for the Middle District of Tennessee; John J. Gore, Judge.

Action by the American Baptist Home Mission Society against C. A. Bowman and others. Decree of dismissal, and plaintiff brings error. Affirmed.

Ann Toland died seized in fee simple of lands located in the state of Tennessee. The American Baptist Home Mission Society now claims to be the owner of all of this land that since the death of Ann Toland has been divided into two tracts. It traces its source of title through mesne conveyances to Rhoda Ann Eliza Larkins and Ada Jane Larkins, who are mentioned in the will of Ann Toland as her adopted children, although it now appears that they were not legally adopted. Ann Toland executed a last will and testament which has been duly admitted to probate. The question presented in this action by the American Baptist Home Mission Society against Rhoda Ann Eliza Larkins and her living issue, Ada Jane Larkins and her living issue, the devisees of conditional estates in remainder, and the heirs at law of Ann Toland, for a judicial determination of its title to these lands, involves a construction of item 4 of this will, which item reads as follows:

"4. I give, devise and bequeath to my adopted children, Rhoda Ann Eliza Larkins and Ada Jane Larkins, all the real estate I now own, or may hereafter come in possession of. This bequest carries with it no right to dispose of the real estate thus devised except by will in case they should marry and have issue. If either should die without issue, then the other, or her heirs, shall fall heir to the interest of the decedent. If both should die without issue, then I will and devise one-third of my real estate to John

---

Quincy Goodrich, one-third to Eddy Eugene Larkins, and the other one-third to Frances E. Moody for her use and benefit during her lifetime, or at her death, I will and devise this one-third to Sophia Yates, wife of W. M. Yates and her heirs. In the event of the death of Eddy Eugene Larkins without issue, I will and devise the one-third of my real estate which he would fall heir to under the conditions heretofore named to my nearest of kin, to be equally divided among them."

At the time Ann Toland executed her will Rhoda Ann Eliza Larkins and Ada Jane Larkins were minors and unmarried. After the death of Ann Toland they both married and both have issue. After their marriage they divided the land in controversy into two parcels. Each took possession of one of these parcels, and each executed a warranty deed to the other to effect partition thereof. After the execution of these deeds one of the sisters and her husband filed a bill in equity in the chancery court of Humphrey county, Tenn., making the other sister and her husband the only defendants, to have the will construed and the title of the devisees determined.

There were no adverse parties to this suit. On the contrary, all the parties to this action, plaintiffs and defendants alike, were claiming that these sisters were devised by this will an undivided fee-simple estate in this land, and had full right and authority to partition the same and to execute deeds in fee simple to effect such partition. The Tennessee chancery court entered a decree accordingly, and the deeds theretofore executed were placed upon record. Afterwards the Larkins sisters and their husbands sold and conveyed these separate tracts by separate warranty deeds, and the American Baptist Home Missionary Society finally became the owner of whatever title passed by these deeds to the grantees named therein. There is practically no dispute as to the facts. The District Court dismissed the bill at the cost of the plaintiff.

Jordan Stokes, of Nashville, Tenn. (Stokes & Stokes, of Nashville, Tenn., on the brief), for plaintiff in error.

Morton B. Adams and J. S. Beasley, both of Nashville, Tenn. (Knight & Beasley, of Nashville, Tenn., on the brief), for defendants in error.

Before DENISON and DONAHUE, Circuit Judges, and JONES, District Judge.

DONAHUE, Circuit Judge (after stating the facts as above). It is a fundamental rule, so thoroughly established in both state and federal jurisdictions as to be no longer open to controversy, that a will must be construed · to give effect to the intention of the testator, in so far as that intention can be ascertained from the language used by the testator, considered in connection with the entire will and with due consideration of its general scope and purpose.

No other part of Ann Toland's will affords any aid whatever in ascertaining the intention she endeavored to express in the fourth item thereof, other than the presumption that obtains that where one makes a will he is presumed not to have intended to die intestate as to any part of his property. A careful analysis of the fourth item of this will discloses several provisions which, while distinct and severable, must nevertheless, be construed together in order that effect may be given to each. The first of these is as follows:

"I give, devise and bequeath to my adopted children Rhoda Ann Eliza Larkins and Ada Jane Larkins all the real estate I now own or may hereafter come in possession of."

This language, unmodified or unexplained by other provisions of the will, would undoubtedly vest a fee-simple estate in the devisees named therein. But it is modified and explained, and the intention of the testator as to the estate in these lands she devised to these sisters clearly appears, by the further provisions in that item in immediate connection therewith. The first of these reads:

"This bequest carries with it no right to dispose of the real estate thus devised except by will in case they should marry and have issue."

The second:

"If either should die without issue then the other, or her heirs shall fall heir to the interest of the decedent."

The third:

"If both should die without issue, then I will and devise one-third of my real estate to John Quincy Goodrich, one-third to Eddy Eugene Larkins and one-third to Frances E. Moody for her use and benefit during her lifetime."

Each and all of these provisions negative beyond all question the claim that Ann Toland intended to devise a fee-simple estate to Rhoda and Ada Larkins. On the contrary, it is entirely clear that she intended to devise a life estate, coupled with the power of appointment by will, to be exercised only in case they should marry and have issue. While the testatrix, no doubt, contemplated that, in case these girls should marry and have issue, such issue would, in all probability, be the beneficiaries of this power of appointment, nevertheless her will leaves the selection of beneficiaries to their discretion, but neither could exercise this power of appointment by will unless she had issue, and upon the death of both sisters without issue the remainder in fee simple would pass under item 4 of this will to the person named therein.

The holding of the District Court that the testatrix had the power "to limit the mode of alienation to 'will' if she desired" is fully sustained by the authorities cited in its opinion. We also fully concur in the further finding of the District Court that:

"There is no ambiguity in the will. There is no question but that by the first sentence of item 4 the testatrix devised a fee-simple estate. The language of the second sentence is unambiguous. It specifically directs the mode of alienation. The language is subject to but one construction. If the estate conveyed in the first sentence of the fourth item can be lessened by a second or subsequent sentence or item in the will, then it is manifest that the second sentence reduces the fee to a life estate. A fee-simple title with limited power of alienation is impossible."

It is unnecessary at this time to determine whether there is a devise by implication of the remainder in fee to the issue of the Larkins sisters, in case either or both should die leaving issue without having exercised the power of appointment. That question, however, is fully discussed in Re Disney's Will, 118 App. Div. 378, 103 N. Y. Supp. 391, and cases therein cited. While this case is reversed by the New York Court of Appeals (190 N. Y. 128, 82 N. E. 1093), nevertheless the reversal is based wholly upon the holding by that court that the legacy had lapsed. See, also, Close v. Farmers Co., 195 N. Y.

92, 100, 87 N. E. 1005, and cases there cited; Page on Wills, 468. The attempt of the Larkins sisters to convey by deeds estates in fee simple in these lands, to the grantees named in their respective deeds, is in direct disregard and defiance of the express provision in Ann Toland's will that the bequest to them carried with it "no right to dispose of the real estate thus devised except by will in case they should marry and have issue." This provision immediately follows and must be construed in connection with the devise to the Larkins sisters. It follows that the plaintiff in error cannot claim any greater title or estate in these lands than the Larkins sisters had the power to convey by deed, and that was a life estate only.

For the reasons stated, the decree of the District Court is affirmed.