In the Matter of the Petition of ALICE STREETER, Administratrix with the Will Annexed, to Obtain an Order Construing the Last Will and Testament of ALICE SAUNDERS, Deceased.*

JAMES LINCOLN SAUNDERS, ALICE STREETER, and FRANCIS E. DORSEY, as Special Guardian for THOMAS ARTHUR SAUNDERS, Appellants; ALICE STREETER, Administratrix, etc., of ALICE SAUNDERS, Deceased, RANDALL W. SAUNDERS, PAUL B. SAUNDERS and DOROTHY MUIR, Respondents.

Third Department, November 12, 1941.

*Carroll & Amyot*, for Alice Streeter; *Francis E. Dorsey*, for James Lincoln Saunders and special guardian of Thomas Arthur Saunders, [*James F. Carroll* of counsel], for the appellants.

*Corliss Sheldon*, for Randall W. Saunders and Paul B. Saunders, respondents.

*Harold B. Slingerland*, for Dorothy Muir, respondent.

HILL, P. J.   Appeal from a decree of the Saratoga County Surrogate's Court which determined that testatrix died intestate as

* Affg. 176 Misc. 654.

to the property described in the third subdivision of her will, which reads:

" *Third.* I direct that all the rest of my estate of every name and nature be placed in a trust fund to be disposed of as follows:

" 1st. The net income to be paid semi-annually to my brothers, Randall, Robert and Paul, in equal shares, or to such of them as shall be living until they shall die.

" 2nd. Upon the death of the last brother the principal sum of said trust and my [any] accrued income remaining shall be divided as follows: To my nephews and nieces who shall be living at the time of my death; said nephews and nieces shall become vested with their shares of my estate upon my death subject to the life estate of my brothers; so that their interest will descend to their heirs in case of their death before the trust is divided.

" 3rd. For the purpose of carrying out this trust, I give, devise and bequeath unto Benjamin K. Walbridge, as trustee, all the rest, residue and remainder of my estate, who shall act as trustee and before entering upon his duties shall give a surety company's bond in an amount sufficient for the money which shall come into his hands, said surety company to be under State supervision; said trustee shall make annual accounting of the trust. In case of his death the Surrogate of Saratoga County shall appoint a substitute trustee under the same terms. This provision is made for the income to go to my brothers during their lifetime and the principal to vest in my nephews and nieces."

Testatrix was unmarried. Her nearest surviving relatives are her three brothers, Randall W., Robert and Paul B. Saunders, and sixteen nephews and nieces — nine children of Robert, four of Paul, two children of a deceased sister and one of a deceased brother. The last three are the appellants. The brother Randall W. Saunders is childless. The notice states that the appeal is from the decree " and particularly from that portion of the decree which reads as follows: ' * * * that it was not the testatrix's intention under said will to vest the remainder of said property upon her death, absolutely and unconditionally in her nephews and nieces; that the said remainder was not accelerated; that the attempted disposition of all the property described in said third paragraph of said will was, and is, totally void; and that upon testatrix's death, said property passed as intestate property to her distributees.' " The trust for the benefit of the three brothers, which the will directs shall continue during their three lives and until the death of the survivor, is admittedly invalid.

Appellants urge that the gifts to the sixteen nephews and nieces should be accelerated to take effect immediately upon the death

of the testatrix, and that the whole estate should be equally divided among them, the brothers taking no share. The chief support for this contention is that the will directs that the property " vest " in the nephews and nieces at the death of the testatrix. The subject of vesting is twice mentioned in the subdivision of the will under consideration. In the second paragraph the testatrix defines her understanding as to the effect of her direction that the property vest: " Said nephews and nieces shall become vested with their shares of my estate upon my death subject to the life estate of my brothers; so that their interest will descend to their heirs in case of their death before the trust is divided," indicating only that she desired the children of any of her nephews and nieces who had died before the last of the brothers to take by representation. The subject of vesting is again mentioned in the last sentence of the third paragraph following the naming of a trustee and a direction as to giving a bond and the appointment of a substituted trustee if the one named in the will should die. " This provision is made for the income to go to my brothers during their lifetime and the principal to vest in my nephews and nieces." Nothing therein contained indicates that the testatrix had an understanding, as to her direction that the property vest, different from her statement quoted from the earlier part of the subdivision.

The dominant consideration to be regarded in the construction of wills containing illegal provisions is to preserve any part which will carry out the disclosed intention of the testator had he known that the illegal directions could not be accomplished. In determining that intention, courts, however, are limited to the words which the testator has used. In order for the appellants to prevail we must determine that the testatrix used language indicating that had she known that she could not make the provision for her brothers during their three lives and until the death of the survivor, with her property then passing to her nephews and nieces, she would have excluded the brothers from the will and devised all her property to her nephews and nieces. The surrogate has determined, and we think properly, that the primary purpose of the testatrix was to provide for her brothers. This thought is implicit in the direction that the income be paid to her brothers, " in equal shares, or to such of them as shall be living until they shall die." Had her desire to give to her nephews and nieces ranked with her interest in her brothers, she would have directed that when her brother Robert died at least one-third, *i. e.*, the portion of the corpus from which he was taking the income, be divided among his nine children, and when Paul died the share of the corpus from which he was taking the income be divided among his four

children. Instead of this, however, it was her desire that the entire corpus be held intact, so that finally the surviving brother would take the entire income and only upon his death would the estate pass to her nephews and nieces. Had testatrix thought first of her nephews and nieces, and if provision for them had been her dominant purpose, these three appellants, two of whom are children of a deceased sister, the other of a deceased brother, would have received the share of their parents at the death of the testatrix.

It is unquestionably the duty of a court to prevent intestacy if possible, and to separate the invalid from the valid portions of the will, but these aims are permitted accomplishment only when the dominant purpose of the testator will not be defeated. (*Matter of Hitchcock*, 222 N. Y. 57; *Carrier* v. *Carrier*, 226 id. 114.) The citation of authorities accomplishes little in cases of this kind. The instrument must be read having in mind the general rules of construction, frequently enunciated by the court of last resort. (*Matter of Horner*, 237 N. Y. 489; *Matter of Durand*, 250 id. 45.) "Excision of an invalid bequest to one child or descendant may result in injustice not intended by the testator and in an inequitable division of the estate. It may so deform the general plan of division that the court is constrained to find that total intestacy would more nearly carry out the testator's intentions than partial intestacy." (*Matter of Lyons*, 271 N. Y. 204, 209.)

The decree of the surrogate should be affirmed, with costs to parties who have filed briefs payable from the estate.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Decree affirmed, with costs to parties filing briefs payable out of the estate.