S. Samuel Di Falco, S.
In this proceeding to settle the final account of executors, petitioners pray for a construction of the will.
The provision in question is paragraph Third of the codicil which provides: “ I give, devise and bequeath to my trustees hereinafter named the sum of Twenty-five Thousand Dollars ($25,000) to be held by them as a separate Trust Fund, in trust, nevertheless, to invest and reinvest the same, to collect the rents, income and profits thereof, and to pay the net income arising therefrom to my son, kendall bellamore, until he arrives at the age of fifty (50) years. I direct that such income be paid to my son in as nearly quarter-yearly payments as may be practicable. Upon the death of my son prior to his attaining the age of fifty years, or in the event he predecease me, upon *257 my death, I direct that the principal of said Trust Fund with any accumulated interest thereof, shall become a part of my residuary estate.”
Kendall Bellamore is still living and will attain the age of 50 years on July 12, 1963. There is no express provision for distribution of the remainder in that event. Since all parties are before the court it will in its discretion construe the will at this time.
In the will itself testatrix created trusts of two equal parts of her residuary estate. Under the first income is to be paid to her son for life and on his death remainder is given in equal shares to his two named children. Under the second the income is given to said son until his oldest then living child attains the age of 21 with ultimate remainder to them. It is urged on behalf of the son that either there is a gift by implication of the remainder of the trust in the codicil to him or in the event the gift fails that it passes by intestacy in which event he would receive his distributive share.
The special guardian on behalf of the infant remaindermen contends that in the event the son dies before reaching the age of 50 the remainder of the trust passes as part of the residuary estate.
It is apparent that under the recent ruling of the Court of Appeals in Matter of Englis (2 N Y 2d 395) there can be no gift by implication herein to the son. There is no basis for holding that the son should benefit by such implied gift any more than any other person named in the will. However, while it is true that there is a strong presumption against intestacy it is not so strong that in a particular instance it could not be held to be inapplicable. Such presumption was the basis for the original holding of a gift by implication in Matter of Englis (supra), but in holding against a gift by implication the Court of Appeals, quoting from a prior ruling in Matter of Hoffman (201 N. Y. 247, 256) stated: “ Judge G-ray was writing about a case like the present one where the testator neglected to make a provision in the event of his sister and his brother failing to survive him. This court said in the Hoffman case (p. 256):
‘ This is not a case where the presumption against intestacy is available; it is simply the case of a contingency not provided for and whose happening has left portions of the residuary estate undisposed of. ’ That is answer enough, we think, to the argument of respondents in this case that the presumption against intestacy is so strong that we should conjure up a legacy by implication.”
*258 It is obvious in the instant case that if the son reaches the age of 50 it will be a contingency simply not provided for in the will, and since there is no gift by implication the legacy would ordinarily lapse. The question arises, does it pass by intestacy or does it pass into the residuary estate?
Although there is a presumption against intestacy, especially where there is a residuary clause, such presumption has many exceptions (Matter of Disney, 190 N. Y. 128) and yields to a contrary intention expressed in the will, or where the dominant purpose of a testator will be defeated (Matter of Tamargo, 220 N. Y. 225; Matter of Maybaum, 296 N. Y. 201; Matter of Saunders, 262 App. Div. 578). It appears to the court from a reading of the entire will that such intention is expressed in many ways. It was the obvious purpose of the codicil to increase the gifts to testatrix’ son over those provided in the will. In the original will she bequeathed him a legacy of $5,000. In the codicil she increased this to $10,000. Under the original will he will cease to receive the income from one of the trusts when his twin daughters reach the age of 21, which will occur on December 18,1964. His mother died in 1957 when he was about 44 years of age. It is inconceivable that she would take the trouble to create this separate trust for his benefit only for the purpose of paying him income therefrom for six years, especially when he loses the income of the other trust a year and a half later. The whole scheme of the codicil was to enlarge his gifts previously provided in the will. It is true that in the event he fails to reach 50 the paragraph in question specifically provides that the remainder shall become part of the residuary estate, but this is only in the event expressly provided for, namely, if he failed to reach that age or if he predeceased her. If we permit the remainder to go into the residuary estate in the contingency not provided for it would be in effect a gift by implication to the residuary estate. There is no more reason for this than there is for a gift by implication to the son.
In Matter of Disney (supra) the Court of Appeals, in reversing, commented favorably on the dissenting opinion in the Appellate Division (118 App. Div. 378, 382). In the latter it was stated (pp. 383-384): “ The testator certainly must have meant something by inserting the words ‘ without issue surviving ’ and he could only have meant that the condition upon which the survivor of the two legatees should take was the dying of the other legatee without issue surviving. ’ ’
Paraphrasing that language it may be said here that testatrix certainly must have meant something by specifically providing that the principal should become part of the residuary *259 estate in the events stated and the event that may happen, to quote the language in Matter of Hoffman (supra), was simply one unprovided for and, in lapsing, the legacy goes by intestacy. It does not become part of the residuary estate because such disposition was provided by testatrix herself only in the contingencies specifically set forth.
The court holds that in the event Kendall Bellamore, son of testatrix, survives the age of 50 the remainder of the trust for his benefit under paragraph Third of the codicil passes by intestacy. The reasonable compensation of the attorney for petitioners, who is a cofiduciary, is fixed and allowed in the amount requested.