SARAH ARMSTRONG, Plaintiff, *v.* RUSSELL J. STONE, GEORGE T. LOOMIS, Individually and as Administrator with the Will Annexed of the Estate of James. Armstrong, deceased, JAMES H. ARMSTRONG and JOHN ARMSTRONG, Defendants.

(Supreme Court, Erie Equity Term, September, 1909.)

Surrogates' Courts — Procedure and review — Orders and decrees — Operation as bar or as conclusive evidence — Subjects and matters concluded.

Where, by the decree of a Surrogate's Court for the distribution of an estate, it was adjudged and determined that the income from certain trust funds should be paid to and was the property of the legatee thereof mentioned in the testator's will, the decree is *res adjudicata* upon a claim under an assignment of said income prior to the making of said decree.

Under an assignment of said income, made after the entry of the surrogate's decree, the assignee may assert the same as a defense to a claim made under a prior assignment of the said income.

ACTION upon assignment of income of life estate. The opinion states the case.

Eugene M. Bartlett, for plaintiff.

Charles F. Tabor, for defendants.

BROWN, J. By the last will and testament of James Armstrong it was provided that James H. Armstrong should have and hold during his natural life one-half of the residue of the real and personal property of the testator and that, upon the death of James H. Armstrong, such property should go to the heirs of James H. By a decree made by the surrogate of Wyoming county February 6, 1877, it was established that the executor of said will then had in his hands the sum of $6,323.50, one-half of which constituted the property placed

in trust for the use of James H. Armstrong during his life.
In 1877, James H. Armstrong assigned his interest in the
income from such trust fund to his mother, Abigal Arm-
strong; in 1885, Abigal Armstrong reassigned such income
to James H. Armstrong; in 1886 James H. Armstrong as-
signed it to Michael C. Shea, and from that date until June,
1890, such income was paid by the executor to Michael C.
Shea. In 1888 James H. Armstrong executed and delivered
an instrument in writing purporting to assign such income
to Sarah Armstrong, his wife, who is the plaintiff herein
and who never made any claim to such income under such
assignment until about 1896. In 1889 James H. Armstrong
demanded of the executor that such income be paid to him
(James H. Armstrong), notwithstanding the assignment to
Michael C. Shea, at the same time notifying the executor that
the assignment to Shea was made as collateral to a loan. In
1890 James H. Armstrong petitioned the surrogate of Wyo-
ming county that a citation issue to said executor to show
cause why he should not render an account of such trust fund,
and that the same be judicially settled. Such citation was
accordingly issued; and, upon the return thereof, the exec-
utor filed a petition for a voluntary accounting. Thereupon
a citation was issued, directed to Sarah Armstrong, this plain-
tiff, the executors of Abigal Armstrong, deceased, Michael
C. Shea, James H. Armstrong and others, citing them to ap-
pear in Surrogate's Court to attend the judicial settlement
of the accounts of such executor and the distribution of the
estate of the testator, James Armstrong, to and among the
persons interested therein. This citation was personally
served on Sarah Armstrong, the plaintiff herein, and James
H. Armstrong, on the 29th day of November, 1890. Upon
the return thereof such proceedings were had in said Sur-
rogate's Court, that, on July 13, 1891, a decree was duly
made by the surrogate settling the accounts of said executor
and decreeing that such executor should keep invested the
sum of $2,911.84 and pay to James H. Armstrong the in-
come therefrom, annually, during the lifetime of said James
H. Armstrong, and at his death pay said sum to the heirs
of said Armstrong. Thereafter, and up to October 29, 1894,

the executor paid to James H. Armstrong such income; and, on that date, James H. Armstrong assigned all his interest in such income to the defendant Russell J. Stone, and directed said executor and his successors to pay the same to said Stone during the remainder of James H. Armstrong's life. Since the date of the last mentioned assignment, all of such income has been paid to the defendant Stone. On October 26, 1905, Sarah Armstrong commenced this action, alleging that by virtue of the assignment of 1888 she became, ever since has been, and now is, the owner of all the income from such trust funds; that the assignment by James H. Armstrong to the defendant Russell J. Stone was made as security for the payment of a loan which is alleged by plaintiff to have been paid. The plaintiff demands judgment canceling the assignment of 1894 to the defendant Stone and for all moneys received by him over and above the alleged loan. The defendant Stone answers, denying that plaintiff has an interest in the income claimed by her; alleges that the surrogate's decree of 1891, that James H. Armstrong was the owner of such income, is *res adjudicata* upon the plaintiff's claim under an assignment of 1888, and that the defendant Stone purchased, under an absolute sale in 1894, all of James H. Armstrong's interest in such income.

From the testimony it is very clear that the defendant Stone, in 1894, took his assignment as an absolute title and purchase of all the interest of James H. Armstrong in the income to be derived from such trust funds, and that there is no foundation for plaintiff's claim that such assignment was to be as security for a loan. The contention of the plaintiff is that James H. Armstrong could make no valid sale of such income in 1894, for the reason that he did not own the same on that date; that he had previously sold it to the plaintiff in 1888, and that the defendant Stone took his assignment in 1894 with knowledge of the plaintiff's assign-. ment of 1888.

The difficulty with this contention is that, by a decree of the surrogate of Wyoming county, instituted for the purpose of distributing the estate of James Armstrong and of ascer-

taining by judicial procedure to whom that estate, including these very trust funds and the income therefrom, should be paid, to which proceeding this plaintiff was a party, it was adjudged and determined by a court having jurisdiction thereof that such income should be paid to and was the property of James H. Armstrong. If the decree was binding upon the plaintiff, she is now estopped from claiming that she was the owner of such income. Section 2743 of the Code of Civil Procedure provides that, where the validity of the distributive share is admitted or has been established upon the accounting, the decree must determine to whom it is payable, the sum to be paid by reason thereof and all other questions concerning the same; and, with respect to such matters, the decree is conclusive as a judgment upon each party to the special proceeding who was duly cited and upon every person deriving title from such party. It must be clear that, if the plaintiff were seeking to recover the income from James H. Armstrong upon her assignment of 1888, the decree of 1891 would be a complete bar — a perfect defense. It must necessarily follow that the defendant Stone, being a successor in interest of James H. Armstrong, can assert the same defense.

The defendant is entitled to judgment dismissing the plaintiff's complaint with costs.

Judgment for defendant, with costs.