In the Matter of the Application of the MARINE TRUST COMPANY OF BUFFALO, as Successor Trustee under the Last Will and Testament of ADELAIDE R. KENNY, Deceased, for the Judicial Settlement of Its Accounts as Trustee of the Trust Created for the Benefit of ADELAIDE K. RICHMOND THOMAS, and for the Determination of the Court as to the Validity, Construction and Effect of Certain Dispositions of Property Contained in the Last Will and Testament of ADELAIDE R. KENNY, Deceased.

Surrogate's Court, Genesee County, December 24, 1926.

Wills — construction — decedent gave niece life use of homestead with direction that in event she died leaving no children surviving said property was to go absolutely to nephew — death of niece without children surviving vested absolute title to homestead in nephew — provision in will that in event homestead passed to nephew, trustee should set apart specified amount and pay income to nephew during life created valid trust in favor of nephew — said clause does not prevent sale of property by nephew — will further recited that in event niece died leaving surviving her only one child, such child should take one-half of residuary estate with remaining one-half to nephew — death of niece without children surviving precludes nephew's right to one-half of residuary estate — said residue must be distributed to heirs at law of decedent at time of her death according to Statute of Distribution — clause in will reciting decedent's wishes as to distribution of estate in event any provision of will was adjudged invalid, cannot affect distribution of residue — decree of Surrogate's Court entered twenty years ago contained provision for payment of share of estate on settlement of will contest — said payment was proper charge against estate — judgment of Supreme Court establishing will released executors from personal liability for repayment of sum paid contestant — decree should not be opened.

A will by which the decedent, after giving her niece the life use of the family homestead, directed that in the event said niece died leaving no children surviving, then said property should go absolutely to decedent's nephew, must be construed as vesting in said nephew the absolute ownership thereof upon the

death of decedent's niece leaving her surviving no children. A further clause in said will that in the event the aforesaid homestead should pass to said nephew, decedent's trustees should set apart a specified amount and pay the income thereof to said nephew during his life and maintain the premises from said income if the nephew should fail to keep them in suitable condition, created a valid trust in favor of said nephew with a definite direction to pay to him the income therefrom during his lifetime. But said clause does not prevent said nephew from selling or disposing of the premises.

Another provision of said will that in the event decedent's niece died, leaving her surviving only one child, such child should, upon the death of said niece, take an equal one-half of all the residuary estate absolutely, and that the remaining one-half should become the property of decedent's nephew must be construed as evidencing an intention on the part of the decedent that in order for the remaining one-half of the estate to pass to said nephew under said clause, the other half must have vested and become a legacy of a child of said niece; therefore, no child having been born to said niece capable of taking under this clause, the remaining one-half cannot vest in said nephew. Said decedent died intestate as to the residue of her estate which must be distributed to the heirs at law of the decedent at the time of her decease according to the Statute of Distribution.

A clause in said will reciting decedent's wishes as to the distribution of her estate in the event any provision of her will was adjudged invalid, cannot affect the distribution of the residuary estate, for it refers only to the time of the death of decedent and was not intended to be invoked if decedent's niece died without issue, but refers to any other legacy or bequest set forth in the will which might be adjudged invalid. The mere fact that the conditions set forth in the clause, by which the residuary estate was disposed of, failed, does not warrant a finding that it was illegal or invalid. Moreover, the residuary clause refers to the time of the death of decedent and could not then have been adjudged invalid.

A decree entered upon an accounting in this estate twenty years ago, which conformed to a compromise effected between parties to a contest of decedent's will, cannot now be opened so that there be stricken therefrom a provision therein directing the payment of the share of the estate, which might otherwise be payable to the niece contesting the will, to the niece to whom decedent gave the life use of the family homestead, in view of the fact that at the time of the entry of the final decree the surrogate had jurisdiction of all parties in interest who were before the court and that there is nothing to show that there was any evidence of concealment or fraud.

Nor was the charge of $57,500 in the executors' account, paid to said contestant in settlement and entered in said decree, an improper deduction, for in the light of the circumstances existing at the time of the settlement, the executors and the niece against whom the settlement was chargeable were justified in the use of the funds of the residue in the settlement. Moreover, while a judgment of the Supreme Court establishing the will did not establish the validity of the payment of said settlement, it ratified the acts of the executors in making the payment and at least released said executors from personal liability for repayment.

Furthermore, while as a matter of equity the sum paid should now be a part of the residuary estate for distribution, the decree was an adjudication upon the item as part of the executors' account and is conclusive upon all parties.

APPLICATION for judicial settlement of accounts and for construction of decedent's will.

*Kenefick, Cooke, Mitchell & Bass* [*Allen Keeney* of counsel], for the Marine Trust Company of Buffalo, successor trustee.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the Church Pension Fund.

*Bartholomew & Bartholomew*, for the Buffalo General Hospital, Buffalo, N. Y.

*Roland Crangle*, as executor, etc., of Frances Richmond, deceased.

*Edward A. Washburn*, for Edward Dean Richmond and Ruth Richmond Thomasson.

*Guy B. Moore*, for Harold Richmond, as administrator with the will annexed *de bonis non* of W. Eugene Richmond, deceased, for Harold Richmond, individually and others.

*Thomas R. Wheeler*, for Henry R. Rowland and others, as executors and trustees, etc., of Henry A. Richmond, deceased.

*Harold Brown*, for the Buffalo Society of Natural Science.

*Desbecker, Fisk & Newcomb*, for Watts Lansing Richmond.

*Stedman & Waterman*, for Frank Thomas, individually, and devisee under the Adelaide Richmond Thomas will.

*F. A. Lewis*, for himself and Frank Thomas, as executors, etc., of Adelaide Richmond Thomas; also for the Young Men's Christian Association of Batavia, and the Batavia Cemetery Association.

CONE, S.    Adelaide R. Kenny died on or about the 4th day of February, 1905, leaving her last will and testament, dated January 28, 1904, which was duly admitted to probate before the Surrogate's Court of the county of Genesee on May 9, 1905, and letters testamentary duly issued to the Hon. Safford A. North, as executor.

On May 17, 1906, the executor of said estate duly filed his account, and on the 30th day of July, 1906, a decree of final settlement of the accounts of said executor was had before the Surrogate's Court of the county of Genesee, and on this accounting it appears that all persons interested were either cited, or waived notice of citation, and the decree of final settlement was entered in said office on the 30th day of July, 1906, and is recorded in liber 2 of Miscellaneous Records, page 132.

By the 19th clause of said decree, the residue therein specified, subject to certain additions and conditions, was set apart in trust to be held by the executor and kept invested in proper securities, and to pay the income derived therefrom to Adelaide K. Richmond during the term of her natural life.

That on or about the 4th day of November, 1912, Adelaide K.

Richmond by marriage became Adelaide Richmond Thomas; that the said Adelaide Richmond Thomas died in the city of Batavia, N. Y., on the 26th day of December, 1925; that Adelaide Richmond Thomas left her surviving no children; that Watts Lansing Richmond survived the said Adelaide Richmond Thomas.

On the 27th day of February, 1926, the Marine Trust Company of Buffalo, now acting trustee under the will of Adelaide R. Kenny, filed a petition and its account in the Surrogate's Court of Genesee county relative to the trust fund under its control, of which the said Adelaide R. Thomas had a life use, and asked for a settlement of their accounts as trustee, and for a construction as to the 5th clause and 33d clause of the will of said Adelaide R. Kenny, as to the disposition of said trust fund of which the said Adelaide R. Thomas had the use during her life.

The will of said Adelaide R. Kenny provided by the 5th clause that her niece Adelaide Kenny Richmond should have the use of the Richmond homestead situated in the city of Batavia, N. Y., for life, with certain other conditions and restrictions as to the upkeep of the same. The 33d clause bequeathed the residue of her estate in trust to the said Adelaide K. Richmond during her lifetime, with the disposition of the residue after her death.

The said Adelaide Kenny Richmond upon the probate of the will of said decedent, settlement of accounts of said executor, and entering of decree of final settlement, entered into the enjoyment and benefits of the provisions of the will, and so continued until her death on December 26, 1925.

The 5th clause of said will is first presented for consideration, and so far as material herein, provides as follows:

"*Fifth.* To my niece Adelaide Kenny Richmond, daughter of my brother, W. Eugene Richmond, I give and devise the use during her life of the real estate in the village of Batavia, New York devised to me by the will of my mother, Mary E. Richmond. * * * My said niece shall have the right to dispose of said real estate and of all of such personal property by will to any child of hers, or in case she fails to dispose of the same by will, said property both real and personal shall upon the decease of my said niece go absolutely to her oldest daughter who may survive her, or if she leaves no daughter then to her oldest son, and in case she leaves no child surviving then such property real and personal, and the whole thereof, shall go absolutely to my nephew, Watts Lansing Richmond, if living at the time of the decease of my said niece. * * * It is my earnest wish that said residence property may continue as long as possible in the ownership and control of the descendants of my brother, W. Eugene Richmond,

Misc. 553]     Surrogate's Court, Genesee County, December, 1926.

and I request all persons who may hereafter be entitled to dispose of the same by law or otherwise to see to it that my wish as now expressed, may be carried out * * *. Upon and after the decease of my said niece, in case she shall leave a child who under the terms of this will shall become the owner of said real estate, I direct my executor to take over that portion of my residuary estate not held in trust for any life prior to that of my said niece the sum of One hundred thousand dollars and pay over and distribute the same in the manner hereinafter in this article in this will provided; but in case under the provisions of this article of my will the title to said real estate shall pass to Watts Lansing Richmond, my executors shall set apart, hold and retain said sum of One hundred thousand dollars, investing the same in good securities, and pay the income derived therefrom to the said Watts Lansing Richmond, during his lifetime, to the end that he may have sufficient income to maintain himself suitably in his said residence in Batavia. Should he fail to keep the buildings and premises in suitable condition, and the taxes and insurance paid, then my executors shall attend thereto out of such income; and then, after the decease of my said nephew, or upon the decease of my said niece in case she shall leave a child or children surviving her, the said sum of One hundred thousand dollars shall be disposed of as follows: "

By this clause the decedent provided that Adelaide R. Thomas should have the life use of the Richmond home at Batavia, N. Y., and she was using and occupying the same at the time of her death. The fact that she died, leaving her surviving no children, Watts L. Richmond, a nephew of testatrix having survived the said Adelaide R. Thomas, became entitled to possession and absolute owner in fee simple of said Richmond home on East Main street, Batavia, N. Y., upon the death of said Adelaide Richmond Thomas.

This clause also imposed an earnest wish that said homestead continue under the control of the descendants of the testatrix's brother, W. Eugene Richmond, but there was nothing therein contained to prohibit disposing of said premises by Watts L. Richmond. This clause further provided in the event that said homestead " shall pass to Watts Lansing Richmond, that the trustees of said estate shall set apart and hold the sum of One hundred thousand dollars and pay the income therefrom to Watts Lansing Richmond during his life time, to the end that he may have sufficient income to maintain himself suitably in said Richmond homestead."

It is obvious that the testatrix created a valid trust in favor of Watts L. Richmond, and the clear instruction to pay to him the income therefrom during his lifetime. There is, however, a

certain charge in the use of said income as to the upkeep of the premises. This can only be interpreted as a limitation so long as the property was owned by Watts L. Richmond.

There is nothing in this clause to prevent a sale or disposing of the premises by the owner, and should this event occur, the limitation upon the income would cease. That apparently was the intention of the testatrix, as the income from said trust does not continue to pass, should the title to said premises be vested in other lineal descendants of W. Eugene Richmond.

In this clause there are no other words of conditional limitation upon said trust fund except as herein expressed and no condition precedent to the enjoyment of said trust that Watts L. Richmond should reside in, or continue to be the owner of said premises, and from a careful reading of the clause and the authorities cited on this question, Watts L. Richmond is entitled to the income of said trust of $100,000, even though he fails to occupy said Richmond homestead, and even though he disposes of the same; but as long as it remains in his possession, if he fails to perform certain conditions as expressed in said clause as to the upkeep of said premises, a certain portion of all the income would be applicable thereto.

The next provision of said will for consideration, as asked for in the petition of the trustee on accounting, is the 33d article, which provides as follows:

" *Thirty-third.* All the rest, residue and remainder of my estate, real and personal, and wherever situated or however held, I give, devise and bequeath as follows: My executors shall hold the same in trust, as well the personal estate as the avails of the sale of the real estate as the same shall be sold; they shall keep the same carefully invested and pay the interest and income derived therefrom to my niece, Adelaide Kenny Richmond, during her life time. In case she shall leave her surviving two or more children, such residuary estate and the whole thereof shall upon the decease of my said niece, go to, and become the absolute property of such children in equal shares. In case she shall leave her surviving only one child, such child shall upon and after the decease of my said niece, take and have an equal one-half of all of said residuary estate, absolutely, and the remaining one-half shall go to and become the property of my nephew, Watts Lansing Richmond, if living, otherwise to his lineal descendants in equal shares * * *."

This article provides for the disposition of the residuary estate of Adelaide R. Kenny, which created a trust with the income to be paid to Adelaide K. Richmond during her life, and at her death the trust was to cease with a distribution to her children.

It is conceded that Adelaide K. Richmond Thomas died without issue, and this court is called upon to determine the disposition of the residue, and whether the testatrix died intestate as to the whole of said residue, Adelaide R. Thomas having died without leaving a child or children,. and whether Watts L. Richmond is entitled to one-half of said residue. The attorneys representing the various parties in interest, have submitted briefs upon this question, which are very voluminous, and many authorities are cited to aid the court in the construction and determination to be put upon the provisions of this clause, which assumes to dispose of the residue of said estate.

*First*, it is contended by Watts L. Richmond that by the provisions of this article it bequeaths an absolute gift to him of one-half the residue. *Second*, it is contended on behalf of other parties in interest that inasmuch as Adelaide K. Richmond Thomas died without issue, the testatrix died intestate as to the residue of her estate, and that the same should be distributed to the heirs at law of Adelaide R. Kenny, assigns or representatives, which were her heirs at law at the time of her decease.

In determining the intention of the testatrix and the construction to be placed upon this clause of the will, the authorities cited are of little assistance except in cases where the language used in the clause under consideration of intention of the testatrix cannot be determined by the obscurity of the words used in the residuary clause.

The courts have very well said that precedents are of slight value in the interpretation of wills as each will must be read and construed in reference to its provisions, intentions expressed and expressions used, as each testatrix's life is different, and the circumstances surrounding the testatrix at the time of disposing of her property are never the same in each case.

The words of vital importance in this article are as follows: " In case Adelaide Kenny Richmond shall leave her surviving only one child, such child shall upon and after the decease of my said niece, take and have an equal one-half of all of said residuary estate, absolutely, and the remaining one-half shall go to and become the property of my nephew, Watts Lansing Richmond, if living." From these words is to be determined the testatrix's intention. " There is no ambiguity, they are plain and clear, and do not present a condition for judicial construction. Nothing can be read into or taken from them. They must be given a plain, explicit, grammatical meaning. The intent of the testatrix must control, and that intention must be discerned from the words used." If Adelaide K. Richmond Thomas had left her surviving only one child, such child at her decease would take and have an

equal *one-half* of all said residue estate, absolutely.   This language is clear.   She left no child surviving, " and the *remaining* one-half shall go to and become the property of my nephew, Watts L. Richmond."   In order for the remaining one-half of the estate to exist and pass to Watts L. Richmond under this clause, the other half must have vested and become the legacy of a child of Adelaide K. Richmond Thomas.   No child having been born capable of taking under the provisions of this clause, the remaining one-half did not exist to vest in Watts L. Richmond.   These two provisions to my mind are linked together, and the remaining one-half could not exist without the other.   Whether this state be termed a condition precedent or a limitation, a certain limitation existed by the language used, before the remaining one-half could vest in Watts L. Richmond.   The authority relied upon for the vesting of one-half of the residue in Watts L. Richmond is the case of *Murray* v. *Jones* (2 Ves. & B. 313).

That case was decided in 1813 in England and I have endeavored to analyze the facts therein and to determine whether the decision therein rendered applied to the provisions under consideration in the Kenny will.   But after carefully reading and diagraming this sentence of this clause, the court is convinced that the testatrix did not intend to bequeath any part of the residue of her estate to Watts L. Richmond except that the event should happen of her niece leaving *only one child*.   If there had been more than one child, Watts took no part of the remainder, and the residue would then have been divided in equal shares between the children. We cannot now read into this will that testatrix intended, in the event of her niece leaving no child surviving, that Watts L. Richmond was to have one-half of the residue.   Nothing can be added to this clause to discover the meaning of the testatrix.   It appears to be clear by giving the words expressed the natural and common-sense interpretation.

The gift to Watts L. Richmond of the *remaining* one-half over and above the one-half given to the *only* child of Adelaide K. Richmond Thomas; the gift of the first one-half being ineffective, then the remaining one-half can never take effect.

After a careful examination of many authorities submitted in briefs bearing upon the provisions of this clause of the will, the court is convinced that the testatrix failed to make provisions in the event that a certain condition failed, that is, of her niece dying without leaving a child or children; and the fact that Adelaide R. Thomas left no child capable of taking one-half of the residue, the clear intention of testatrix to my mind is well expressed in these words:   " If Adelaide had only one child who survived her, that

child at her death took one-half of Mrs. Kenny's residue estate, and Watts L. Richmond, the remainder — the other, not the same one-half at the same time. His taking one-half was conditioned upon the survivorship by Adelaide of one child. If she left more than one, Watts received nothing — if she left less than one, he likewise took nothing."

The question of considering the language of the will to the effect that a testatrix did not intend to die intestate as to any part of her estate, and the meaning and intent to be given the words as expressed in the residuary clause of a testatrix's will, is carefully considered and well expressed in the opinions in *Matter of Disney* (190 N. Y. 128) and *Matter of Tamargo*, (220 id. 225).

The 34th provision of the will was fully construed by the Court of Appeals in *Sherman* v. *Richmond Hose Co.* (230 N. Y. 462).

" *Thirty-fifth.* In case any other provision contained in this will, or any devise or bequest, whether specific, general or residuary, shall for any reason be adjudged invalid, in whole or in part, then and in that case I direct that all property real or personal affected by such adjudication or decision shall be disposed of as follows: The same shall be held in trust for my executors and the income derived therefrom shall be paid to my niece, Adelaide K. Richmond for life, and upon her decease, such property shall be distributed among the persons who shall comprise her next of kin, excluding her parents, and according to the New York Statute of Distribution.**'**

This clause is only applicable providing any devise or bequest or any other provisions of testatrix's will shall for any reason be adjudged invalid, in whole or in part. The language of this clause is clear. It provides for the disposition of any bequest or legacy that may be adjudged invalid. This clause refers to the time of the death of the testatrix. It does not apply to the residuary clause even if it should be adjudged invalid, but rather that Mrs. Thomas was to have the life use of any such bequest, and then, upon her decease, to her next of kin, excluding her parents. From the very wording of the clause, it is not intended to be invoked if Adelaide died without issue, but refers to any other legacy or bequest set forth in said will that might be adjudged invalid. Then it was to be held in trust for Adelaide. Not to be applied to a failure of issue in clause 33, after the death of Adelaide. It refers to the time of the death of Mrs. Kenny. The residuary clause now under construction could not then have been adjudged invalid. The condition mentioned in this clause failed — there is nothing invalid or illegal. The decision interpreting the construction and the meaning of the words used in the clause does not make it

invalid. This provision failed to be fulfilled as there was no child in being to take after the death of Adelaide R. Thomas.

*Decree of final settlement, 1906.* The counsel for Edward Dean Richmond and Ruth Richmond Thomasson, children of Edward Richmond, and deceased brother of Adelaide R. Kenny, by formal motion before this court, returnable April 21, 1926, asks that the decree of the surrogate entered in this estate on July 30, 1906, be opened and to strike therefrom the 25th clause of the decree, and especially the provision therein contained for payment of the share of this estate which might otherwise be payable to Rosalind A. Richmond, to Adelaide K. Richmond, her heirs and assigns, should be paid to the parties in interest entitled to the distribution of the estate of Adelaide R. Kenny, other than the said Rosalind A. Richmond; also, that the charge of $57,500 in executors' account paid to Rosalind A. Richmond in settlement of contest of will, and entered in the decree, was invalid, and not a proper deduction, and now should be made a part of the residuary estate.

" *Twenty-fifth.* And the executor having duly filed in this court an instrument in writing duly acknowledged, whereby for a good consideration Rosalind Adelaide Richmond, a niece of testatrix, has sold, assigned and transferred all her right, title and interest of every kind, present, future or contingent, in the entire estate of testatrix, and having filed a duly executed and attested waiver of said Rosalind Adelaide Richmond of the issue and service of citation in any proceeding taken by the executor for a settlement of the estate or otherwise, it is hereby decreed that said Rosalind Adelaide Richmond has no further interest or right in said estate, present or future. And in case through any contingency which may in the future arise, any portion of said estate would by law descend or be distributed to said Rosalind Adelaide Richmond, her heirs or assigns, the executor shall pay the same to Adelaide Kenny Richmond, her heirs or assigns."

It appears that at the time the will of said testatrix was offered for probate, one Rosalind A. Richmond, a niece of said testatrix, filed objections and very vigorously contested the probate of said will, and in the event of Mrs. Kenny having died intestate, Rosalind would have taken one-fourth of the entire estate. It also appears by certain provisions of the will, as disclosed by clause 33, that no provision was made for a final disposition of the residue of the estate should Adelaide R. Thomas die without issue, and Rosalind would then, if it was held that the testatrix died intestate as to the residue, be entitled to an undivided one-fourth interest.

While this contest was pending, it appears that on May 8, 1905, a settlement of said contest was agreed upon between Rosalind A.

Richmond, Adelaide K. Richmond and the executor named, wherein Rosalind was to receive $57,500, and certain interest added thereto, being chargeable against Adelaide K. Richmond.

It is further contended that this payment of $57,500 to Rosalind was without authority of law, and that said sum was improperly taken from the residue of the estate, and that by so doing the will was admitted to probate and Adelaide K. Richmond became entitled to the use of the residue of over $1,000,000, and the remainder, after her death, would be distributed under the 33d provision of the will.

It is quite obvious that in the light of the circumstances existing in 1905, the executor and Adelaide K. Richmond were justified in the use of the funds of the residue in the settlement of the contest of the will with Rosalind, for if Adelaide had children, the residue would then have been divided between them. Otherwise, if said will was not admitted to probate, the issue of Adelaide would have received nothing.

The death of Adelaide without issue, and from the wording of the 33d paragraph, the testatrix has died intestate as to the said residue, and the sum of $57,500 paid to Rosalind was a part thereof.

The present section 24 of the Personal Property Law (as added by Laws of 1919, chap. 419) and section 73 of the Real Property Law (as added by Laws of 1919, chap. 441) authorize and empower executors of a will to adjust and compromise any controversy by a person claiming as next of kin. Such provisions were not a part of our practice and law in 1905, although at that time any vested residuary legatee could have compromised any controversy with the next of kin.

In 1905 Watts L. Richmond and Adelaide K. Richmond brought a Supreme Court action against the other heirs, next of kin and legatees of the said testatrix to establish said will. This action was authorized by the then section 2653-a of the Code of Civil Procedure, and was a formal action to establish the will of said testatrix. I have examined the decision and judgment in this action and, in addition to establishing the will, these documents also purport a ratification of the acts of executor in the payment to Rosalind A. Richmond in the sum of $57,500.

This section provides that the issue in an action pursuant to said section must be confined to the question whether the writing produced was the last will and testament of the testatrix, and that if the will was so established, it enjoined all parties to the action from maintaining any other action or proceeding, claiming that the will was not the last will and testament of testatrix.

In my opinion, the judgment of the Supreme Court in this action

did not establish the validity of the payment of the sum of $57,500 to Rosalind, but at best, released the executors from personal liability for repayment of said sum.

I have examined all the instruments, dated May 8, 1905, relative to the settlement with Rosalind Richmond of her contest of the will of testatrix, and the consideration paid for the assignments and transfers by her to Adelaide K. Richmond of any future or contingent interest in the estate of testatrix, and while perhaps the payment of the sum of $57,500 under the present condition was invalid, this sum was set forth in the accounts of the executor, and the decree referred to entered and settled the accounts of said executor and all persons in interest, and was binding upon all parties in this proceeding who were properly cited and represented in the final settlement before the surrogate, and the said sum of $57,500 was a part of said decree on accounting. The assignments dated May 8, 1905, were also a part of the said settlement, and the said Adelaide K. Richmond or any person interested in this estate, might have purchased such a remote contingent interest from Rosalind A. Richmond. Adelaide K. Richmond paid a very substantial sum for said assignments, and under all the conditions, she then being only twenty-eight years of age, there was probably no other person interested in this estate who would have paid a sum for the contingent interest of Rosalind under the said will of testatrix.

These assignments were before the court on final settlement of executor's account. There appears to have been no concealment or misrepresentation, and all parties were properly before the court.

In 1906, at the time of the entry of the final decree, the surrogate had jurisdiction. No question was then raised or is it now disputed that the decree was a proper conclusion of the executor's accounting. All parties in interest were before the court; duly qualified special guardians were appointed by the surrogate for infant legatees, and all parties appeared, and by the signatures at the foot of the decree the same was approved by the special guardians.

This decree purported to settle all matters embraced in the account, and directed the setting apart of various trust funds, including the ownership of any contingent interest of Rosalind Richmond under the 33d paragraph of the will.

The sum of $57,500 as a matter of equity should now be a part of the residuary estate for distribution, but by the decree there was at the time of the settlement an adjudication upon this item as part of the executor's account, and the decree is conclusive upon all parties properly before the court. (*Armstrong* v. *Stone,* 64 Misc. 504.)

The Surrogate's Court Act (§ 80), as it now stands, provides: " Every decree of a surrogate's court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained."

The 25th clause speaks for itself: " In case through any contingency which may in the future arise, any portion of said estate." The contingency has arisen by the death of Adelaide without issue. Adelaide had a right to purchase by assignment that contingency.

At the time the decree herein referred to was signed by the learned surrogate, it is not claimed it was erroneous or an irregular decree. It is not now claimed that all parties did not have notice of the payment of $57,500. There was no concealment of Rosalind's assignment, even if a special adjudication was not asked for. It was before the court as a part of the settlement, as a final settlement of the executor's account. There was no fraud or clerical mistake, or is it now contended that any newly-discovered evidence, or any other similar cause has presented itself that was not then within the knowledge of all parties, adults and special guardians, at the time of the signing of the decree. And this question has been settled to my mind by authorities in this State. (*Matter of Tilden*, 98 N. Y. 434; *Matter of Hawley*, 100 id. 206.)

The conclusion of the court upon the questions submitted is as follows:

*First.* That the accounts of the Marine Trust Company of Buffalo, trustee, as filed, are judicially settled, no objections to the same having been filed.

*Second.* That Watts L. Richmond is entitled to the use and income of the sum of $100,000 as provided in the 5th clause of said will, whether he resides in or continues ownership or possession of the Richmond homestead; and from the residuary estate said sum should be set apart as a separate trust until the death of Watts L. Richmond.

*Third.* That the testatrix, Adelaide R. Kenny, died intestate as to the residue of her estate as set forth in the 33d paragraph of said will after the death of Adelaide R. Thomas, without issue, and the said residuary estate so held during the life of Adelaide R. Thomas is to be distributed to the heirs at law of Adelaide R. Kenny at the time of her decease, their assigns and representatives, according to the Statute of Distribution of the State of New York.

*Fourth.* That paragraph 35 of said will had no effect upon the distribution of the residue of the estate of said testatrix.

*Fifth.* That Adelaide R. Thomas is the owner by assignment of one-fourth of the residue of said estate of said Adelaide R. Kenny

Supreme Court, January, 1927. [Vol. 128

to which Rosalind A. Richmond would be entitled, the same having been assigned to her by assignment dated May 8, 1905, and this share of the estate to which said Rosalind A. Richmond would be entitled should be paid to the representative of her estate.

*Sixth.* That the motion to open the decree of the surrogate of Genesee county, dated July 30, 1906, in the settlement of the accounts of the executor of the estate of Adelaide R. Kenny, is denied.

Findings and decree can be entered by consent or upon five days' notice returnable upon any Monday.